No. 79.—The Justices of the Inferior Court of Baldwin County, plaintiffs in error, *vs.* William R. Bivins, relator, defendant.

[1.] When a Sheriff has collected money on an execution and fails to pay it over, the party injured by such failure may have an attachment for contempt against such Sheriff; and if such attachment is procured at the instance of the plaintiff in execution, for his own benefit, and to redress his own individual injury, it is a *civil* process, and such plaintiff in execution is liable to pay the costs of the Sheriff's imprisonment, and not the County.

Application for *mandamus*, before Judge Merriwether. Decided in Baldwin Superior Court, February Term, 1849.

John S. Stephens, former Sheriff of Baldwin County, was attached and imprisoned in the jail of said County, for a contempt of the Superior Court, in failing to pay over money collected on a *fi. fa.* in favor of John A. Breedlove. After remaining imprisoned one hundred and sixty-five days, he was discharged by order of the Superior Court, he being utterly insolvent.

William R. Bivins, the Jailor, applied to His Honor Judge *Merriwether* for a *mandamus*, to be directed to the Justices of the Inferior Court of Baldwin County, requiring them to show cause why a *mandamus* absolute should not issue, requiring them to pay to the Jailor the amount of his fees for keeping and dieting said Stephens.

Upon hearing the return, the only question submitted for the decision of the Court below was, the liability of the County, under the Statutes of Georgia, for the payment of these fees. The Court below decided in favor of the relator, Bivins, and the Justices excepted.

I. L. Harris, for plaintiffs in error.

Kenan and W. C. Dawson, for defendant.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The only question involved in this case is, whether the County of Baldwin or the plaintiff in execution, at whose instance

the attachment issued, is bound to pay the cost of Stephens' imprisonment.   The attachment, after reciting that a rule absolute was granted against Stephens, as late Sheriff, at the *instance* of John A. Breedlove, plaintiff in execution, against John R. Smith *et al.* for the amount of principal and interest due on the *fi. fa.* stated therein, requiring payment thereof to be made instanter, which Stephens failed to do, the Sheriff was commanded to arrest Stephens, "and him safely keep in close custody, without bail or mainprise, until he shall pay over *to the plaintiff* the sum of nine hundred and sixty dollars, principal, and two hundred and eighty-five dollars, interest, with interest on principal sum from the 25th March, 1842, until paid, at and after the rate of twenty per cent. per annum, and all costs due on said *fi. fa.* and the farther sum of two dollars sixty-two and a half cents, Clerk's cost hereon, and fees for this service."

After being imprisoned one hundred and sixty-five days, Stephens was discharged from imprisonment by the judgment of the Superior Court, on the ground of his being *bona fide insolvent.* Was the late Sheriff, Stephens, imprisoned for a *criminal* offence against the public laws of the State, or was he imprisoned to enforce a *civil* remedy ?   If he was imprisoned for a criminal offence, and was insolvent, then the County was bound to pay the cost, and the judgment of the Court below was right; but if the imprisonment of Stephens was not for a criminal offence, and intended merely to enforce a *civil* right for the benefit of Breedlove, the plaintiff in execution, and made at *his instance*, then the County is not liable to pay the costs of the imprisonment.   The construction which we give to the term "prisoners," as used in the Acts of 1792 and 1801 is, that such prisoners only as are confined in jail on a *criminal* charge are intended to be "dieted" at the expense of the public.   *Prince*, 263, 264.

We have not been able to bring our minds to the conclusion that Stephens was imprisoned for a *crime.*   The 50th section of the Judiciary Act of 1799, declares, that "the Sheriff shall be liable, either to an action on the case, or an attachment for contempt of Court, at the *option of the party,* whenever it shall appear that he hath *injured such party,* either by false returns or by neglecting to arrest the defendant, or to levy on his property, or to pay over to the plaintiff or his attorney the amount of any sales which shall be made under or by virtue of any execution, or •

*any moneys collected by virtue thereof.*"   It will be perceived that the Statute gives the party injured by the Sheriff, two remedies against him when he neglects to pay over money collected by virtue of executions in his hands.   Breedlove, the plaintiff in the execution, as stated in the record, elected to proceed against the Sheriff for contempt of Court.

The attachment recites, that the rule absolute was granted against Stephens at the *instance* of Breedlove, the plaintiff in execution, and he is ordered to be imprisoned until he pays over to *the plaintiff* the principal, interest and cost due on said *fi. fa.* In whatever light the proceeding against the Sheriff for contempt may have been viewed at Common Law, we think our Statute clearly points it out as a *remedy* which the party injured by the Sheriff may pursue against him, at his option, for his own *private advantage;* and when the Sheriff is imprisoned under the order of the Court, at the *instance* of the injured party, for his private advantage and redress, we cannot consider him as imprisoned for a *crime* against the people of the State, for which any portion of them may be taxed to defray the expenses of such imprisonment.

The party injured by the conduct of the Sheriff, and at whose instance the remedy given by the Statute is sought to be enforced, for his individual benefit and redress, should, in our judgment, pay the costs of the imprisonment.

We concede the power of the Court to punish the Sheriff for contempt of Court by imprisonment, independent of any action for that purpose by the injured party for his own benefit.

Whether, on motion of the Solicitor General, acting in behalf of the people of the State, the Court should feel it to be its duty to imprison the Sheriff for a contempt of Court, in disobeying its process, the County would not be liable for the costs of his imprisonment, it is not now necessary to decide; but that, in our judgment, would present a very different case than the one made by this record, taking into view the provision of the Statute of 1799.   In *ex parte Thurmond,* (1 *Bailey's Rep.* 605,) it was held, that an attachment against a Sheriff for contempt in neglecting to collect money under execution, or to to pay it over when collected, is merely a *civil* process, so far as its object is to *redress the injury of the party* who procures it to be issued; but so far as it is designed to *punish the Sheriff* for neglect of his official duty, it is

a *criminal* process.   In that case the great question was, whether the Sheriff imprisoned for contempt of Court, under an attachment for failing to pay over money collected by him on executions, was entitled to be discharged under the insolvent laws of South Carolina.   It was conceded by the Court, that the insolvent debtors' Act of that State had no application to cases of a sentence imposing punishment in a *criminal* matter, but that the Act related altogether to imprisonment, the object of which was to compel one party to render to another his debt, duty, demand, cause or thing in a *civil* proceeding, and the Sheriff was held to be entitled to be discharged from his imprisonment under the insolvent debtors' Act.   The rule absolute against the Sheriff, upon which the attachment was founded, it appears, was made at the *instance* of Breedlove, the plaintiff in the execution, and he is ordered to be imprisoned until he shall pay over to the plaintiff the principal, interest and costs due on the *fi. fa.*   The object of the attachment for contempt of Court against the Sheriff was, in our judgment, *to redress the injury of the plaintiff in execution*, and procured at *his instance*, and for *his individual benefit*, and, therefore, the costs of the imprisonment should be paid by him and not by the County of Baldwin.

Let the judgment of the Court below be reversed.