MARY LAMAR, plaintiff in error, *vs.* JOSEPH GLAWSON, defendant in error.

(Held up last term because of military order.)

When there is evidence before the jury on the trial of a case upon a *material* point involved in such trial, it is error for the Court so to charge the jury as to *exclude* from their consideration such evidence.

Assumpsit. Charge of the Court. By Judge COLE. Bibb Superior Court. May Term, 1867.

This was complaint by Joseph Glawson against Mrs. Mary Lamar, upon an account for "services as an overseer, from January 1st, 1860, to January 1st, 1861, $550 00. The action was brought in October, 1861. The general issue was filed.

On the trial, the plaintiff read the answers of one Whidby to interrogatories, as follows: Plaintiff was on defendant's plantation, in Jones county, as overseer, in the year 1859 or 1860—(1860, I think, don't recollect distinctly.) In the month of January or February of that year, plaintiff came to Whidby's, and asked him to go to Macon with him to see defendant. They went to her house in Macon. Plaintiff said to her, "I have come down to see you to know why you wish me to quit your plantation." Plaintiff asked her if he had not given her satisfaction, and done all for her he could. She said that he had done more for her than any man she had had on the plantation for years, that it was not on her account that she was turning him off; that some of the negroes on the plantation belonged to her mother, who was old and childish, and who said, if he staid on the plantation her negroes should not stay there, and, therefore, she herself was unable to keep him there. Plaintiff replied to her, "Mrs. Lamar, your mother did not hire me, I have nothing to do with her; you hired me, and I had rather lose the $550 00 than to be turned out of business at this season of the year. She said she knew it was hard, but she could not help it. Plaintiff then said to her, "You were to pay me $550 00, and I think it is hard that I should be turned off at this season of the year, and I am going to have that

money." The witness stated that he knew nothing of the terms of the contract, except what he had learned in that conversation. He knew that plaintiff entered upon the discharge of his duties as such overseer, and was dismissed by defendant for the reasons aforesaid. Plaintiff's character as an overseer was good, so far as the witness knew; he knew nothing against it; the plaintiff received the highest wages of any person known by witness as overseer in the county; his character as overseer and business man as good as any, if not better than any man's in the county. On cross-examination, he stated that he did not know what plaintiff did on the plantation; that he commenced business there at the first of the year, and was turned off in January or February, (he thought in January,) about the middle of the month. During the same year, plaintiff was employed by Mrs. Lowther, as overseer, on one of her plantations, at what wages the witness did not know.

Plaintiff closed. The defendant's attorney read in evidence the answers of Miss Mary L. Lamar, who testified as follows: During Christmas-week of 1859, the negro men and some of the women came from the plantation, and told her mother, defendant, that they would not stay there, if plaintiff was employed as overseer for 1860. The negroes were still at her mother's, when witness' brother came from New York; on the first day of January, 1860, and he, learning the state of matters from the defendant, went to the plantation on the second day of January, 1860, and paid plaintiff and dismissed him.

Here, the testimony closed. Defendant's attorneys requested the Court to charge the jury, 1st, that if the contract upon which the suit was brought, was for services of an overseer, to be performed by, and during, the year 1860, and was made previous to the first day of January, 1860, unless the same, or some memorandum thereof, was reduced to writing, and signed by the defendant, the same was incomplete and void.

2d. That to authorize the recovery by the plaintiff, from the defendant, for the year's wages, the plaintiff must have

held himself in readiness to perform his part of the contract whenever called upon by the defendant to do so.

3d. That if they believed the plaintiff to have received remuneration for personal services rendered during the year 1860, from other parties, defendant was entitled to be credited with the same against plaintiff's claim.

The Court refused to give in charge either of said requests, stating, in the hearing of the jury, that there was no evidence to authorize either of them, and further, that as to the first, he did not believe it was law in 1860.

The Court charged the jury, that the only question for them to consider was, whether or not defendant made the contract sued on, and that if she did make such contract as testified to, plaintiff was entitled to recover the amount agreed upon in said contract. The verdict was: " We, the jury, find for the plaintiff, and assess the damage at $200 00, without interest."

Defendant's attorneys moved for a new trial upon the grounds, that the Court erred in refusing to charge as requested, in stating his said reasons therefor in the hearing of the jury, and in charging as he did, and because the verdict was excessive, and unsupported by the evidence, and strongly and decidedly against the weight of the evidence.

BACON & SIMMONS for plaintiff in error.

W. POE, (by the Reporter,) for defendant in error.

WARNER, J.

We find no error in the Court below, in refusing to charge the jury as requested by defendant's counsel. The evidence in the record is, that the brother of the witness " went to the plantation on the second day of January, 1860, *paid* the plaintiff, and dismissed him." The Court charged the jury, " that the *only question* for them to consider was, whether or not the defendant made the contract sued on, and that if she did make such contract as testified to, the plaintiff was entitled to recover the amount agreed upon in said contract."

In view of the evidence, as to·the *payment* of the overseer, we think this charge of the Court was error, as it *excluded* from the consideration of the jury the question of payment for his services. Whether the evidence of payment was entirely satisfactory or not, it was the right of the defendant to have that question considered by the jury, in as much as there *was evidence* before them, upon that point in the case.

Let the judgment of the Court below be reversed.