### 445.   STILES *v.* SHEDDEN.

1. In an action upon a contract, the defendant is entitled to open and conclude when, by his pleadings, before the introduction of any evidence, he admits a prima facie case for the plaintiff; that is to say, such a case that if no evidence were introduced, the plaintiff would be entitled to take judgment for the full amount authorized by his petition.
2. The title to a negotiable promissory note indorsed in blank by the payee may thereafter pass by delivery to subsequent holders.
3. Instructions, inapplicable to the pleadings and the evidence, and therefore tending to confuse the jury, should not be given.
4. The court should not single out one of several issues and instruct the jury that it is the main issue; nor should he instruct them that this issue is to be determined by a consideration of the evidence of the witnesses who have testified on the stand and by interrogatories, where material documentary evidence has been introduced upon the question.
5. Instructions tending to mislead the jury as to the true nature of the defense set up in the case should not be given.
6. Where a witness has stated that a note was turned over to another for a specific purpose, he may, as against the objection that it is opinionative, testify that this purpose has ended.

Complaint, from city court of Cartersville—Judge Foute. April 4, 1907.

Argued June 25,—Decided July 10, 1907.

Shedden sued Stiles upon a promissory note for $500. The note was signed by Stiles, payable to himself or order, and indorsed by himself and George T. Hodgson, both the indorsements being in blank. It also bore the indorsement, "For collection account of English-American Loan and Trust Co., Roby Robinson, Cashier." The defendant's answer admitted the execution of the note and that the same was transferred by indorsement to Shedden. He set up, in. defense, that the note was an accommodation paper, wholly without consideration; that it was obtained by Hodgson for Shedden at Shedden's instance and request, with the sole view that

Shedden might use it as collateral; that these facts were fully known to Shedden at the time he took the note; that he paid nothing for it; that Shedden, recognizing this to be the fact, had never, prior to the bringing of the suit, presented the note for payment or claimed that Stiles owed him anything on it, though nearly ten years had elapsed in the meantime; that the note had long since served its purpose and would have been cancelled and returned, but for the fact that the parties thereto were under the impression that it had been destroyed. The defendant therefore alleged that he was not indebted to Shedden on the note; and that the latter was not a bona fide holder of the same for value. Upon this plea the defendant claimed the right to open and conclude. The court overruled this demand and allowed this privilege to the plaintiff. This ruling is the basis of one of the exceptions taken in the record.

The oral evidence was conflicting; that of the defendant tended to show that Shedden was the general agent and Hodgson the local agent of the Mutual Life Insurance Co.; that Hodgson borrowed money from Shedden, and Shedden borrowed in New York; that Hodgson, in addition to certain notes which he put up as collateral for the loan made by Shedden to him, as an accommodation to Shedden executed his notes in blank to the sum of $100,000, and turned them over to Shedden in order that the latter might borrow money on them; and that at Shedden's instance he also, for the same purpose, obtained notes from his friends, getting them from Stiles, his partner, from Mure, his brother-in-law, Hodgson, his nephew, and Nicholson, his office boy; and the note in suit was of this number. When business connection between Hodgson and Shedden closed, all of these notes, except the one in suit, were returned by Shedden; by oversight the one in suit was not returned. Shedden, as a witness in his own behalf, denied all this and said that he had bought this note from Hodgson and had paid him $500 for it. A large amount of letters and other documentary evidence was introduced by the defendant, tending strongly to support his plea. We mention this fact because exception is taken to a charge of the court tending to eliminate this evidence from consideration by the jury. The jury returned a verdict for the plaintiff.

In the motion for a new trial the plaintiff in error assigned error upon the following instructions of the court to the jury: (1)

"The plaintiff contends, that he bought this note from one George T. Hodgson, and that he paid value for it according to its terms; in other words, that the note was discounted to him and that he took it up, paying value for it; that it was not a mere accommodation to him at all; that he did not receive it that way, and did not use it that way. You look to the evidence, gentlemen, and see what the plaintiff contends, and examine the note, which will be before you, and see if there is any evidence that it was used by the plaintiff at all; and I charge you that as this is a negotiable paper, if he had used it it would have been necessary for him to have made an indorsement upon the note." (2) "I charge you that every transferor of a negotiable instrument, whether by indorsement or delivery, warrants (unless otherwise agreed by the parties) that he is the lawful holder and has a right to sell, that the instrument is genuine, and that he has no knowledge of any facts that prove the instrument worthless, either by insolvency of the maker, payment, or otherwise." (3) "I charge you that the title of the holder of a note can not be inquired into, unless it is necessary for the protection of the defendant, or to let in the defense which he seeks to make. I charge you that an indorsement or assignment of any bill, bond, or note, when the same is sued on by the indorsee, need not be proved, unless denied on oath." (4) "I charge you, gentlemen, that the main question for you in this case is this: Did the plaintiff pay Hodgson a valuable consideration for this note? And in determining this you will look to all the evidence as it comes to you from the witnesses, and the evidence presented by interrogatories." (5) "This being a negotiable instrument, if this plaintiff came into possession of it for a valuable consideration, before it was due, and without any notice of any dishonor, he would be entitled to recover. I charge you that in support of the defendant's contention he must show, by a preponderance of the evidence, that Shedden did not pay Hodgson a consideration for the paper." Other portions of the charge are excepted to, but as this court finds no error in them, it is not deemed necessary to set them out here.

Another ground of the motion for a new trial complains that the court excluded from the jury the answer of the witness Hodgson, as follows: "This note most assuredly has served the purpose for which it was given, and it should have been returned to me when I

made demand upon Mr. Shedden for the return of all my collateral notes; at which time most, and, as I thought, all of them had been returned; and this one was included in my demand for their return." Other exceptions taken to rulings upon evidence are not considered material. There is in the motion also a ground of newly-discovered evidence; but as the affidavit as to the diligence used by client and counsel to discover this evidence before the trial is not sufficient (for it states the fact of such diligence as a mere matter of conclusion, without giving any facts upon which the conclusion is based), this court does not consider it.

*Thomas W. Milner & Sons,* for plaintiff in error.

*Paul S. Etheridge, Joseph M. Moon,* contra.

POWELL, J. (After stating the foregoing facts.)

1. Under the pleadings the defendant took the burden of proof; and was entitled to the opening and conclusion. In actions ex contractu the test is: if under the pleadings the plaintiff would be entitled to a judgment in his favor for the full amount authorized by his petition, without the introduction of any proof, unless the defendant by his evidence can affirmatively avoid the prima facie case admitted in plaintiff's favor, the defendant is entitled to open and conclude. In this case the defendant having admitted the execution of the note and the transfer to the plaintiff, he admitted a prima facie case in the latter's favor. The rule does not contemplate that the defendant shall admit an absolute case for his adversary; only a prima facie case.

2. The instruction set out above and numbered 1 is so manifestly erroneous that we attribute it to a lapsus linguæ. Of course a negotiable note already indorsed in blank by the payee may pass by delivery; and in the case at bar, Shedden could have used the note without putting his indorsement thereon. *Heard* v. *DeLoach,* 105 *Ga.* 500, 30 S. E. 940. Indeed, under the evidence we can not reasonably account for the subsequent indorsement of the English-American Loan & Trust Co. upon any other theory than that Shedden passed the note to it by delivery. We can readily appreciate how harmful this instruction could have been to the defendant, coming as it did at the beginning of the charge; for one of the defendant's contentions was that Shedden took this note as accommodation paper in order that he might obtain money on it,—a contention strenuously denied by the plaintiff; and this in-

struction practically settles the matter by informing the jury that Shedden could not have used the note without putting his indorsement on it; whence would arise the conclusion that he had not used it, and from that, naturally, the inference that he had not obtained it for that purpose.

3. The instructions numbered 2 and 3, while in the abstract correct statements of law, were inapplicable to the pleadings and the evidence, and therefore tended to confuse the jury. It is error to give such instructions. *Culberson* v. *Alabama Construction Co.,* 127 *Ga.* 599, 56 S. E. 765, and the long line of cases cited in 7 Michie's Dig. Ga. Rep. 570, et seq.

4. The instruction numbered 4 is erroneous for two reasons: first, because it singles out one of the issues and gives judicial weight to it by characterizing it as the "main question," especially so, when under the pleadings and the evidence this is not necessarily so; for although the plaintiff might have paid a valuable consideration for the note, if he took it with notice of its true consideration, or rather lack of consideration, he would not be entitled to the protection of an innocent holder; then, the instruction eliminates from the consideration of the jury all of the documentary evidence introduced. *Lamar* v. *Glawson,* 38 *Ga.* 252; *Bowden* v. *Achor,* 95 *Ga.* 244 (8), also 245 (11), 22 S. E. 254; *McLean* v. *Clark,* 47 *Ga.* 24; *Myers* v. *State,* 97 *Ga.* 76, 102, 25 S. E. 252.

5. As to the instruction numbered 5, the error is that it overlooks the fact that notice of an original lack of consideration, and not notice of dishonor, was the contention of the defendant.

6. The evidence of Hodgson, set out above, was improperly excluded. He had stated the purpose for which the note had been delivered to Shedden; it was not opinionative for him to state that this purpose had ended. It is strenuously urged upon us that the judgment should be reversed upon the facts. While we must concede that the verdict is apparently strongly contrary to the weight of the evidence, yet this is a matter which addresses itself to the jury and to the trial judge, not to this court. We look only to see if there is any evidence to support the verdict.

*Judgment reversed.*