## SHERRER *et al. v.* HOLLIDAY, trustee.

1. An exception to admission of evidence, not stating what objection was presented when the .evidence was offered, raises no question for decision.
2. A correct instruction to the jury is not subject to exception for failure, in absence of an appropriate request, to embody an additional definitive or explanatory charge.
3. The evidence supports the verdict.

No. 6197. DECEMBER 17, 1927.

Equitable petition. Before Judge Perryman. Wilkes superior court. July 9, 1927.

*Hugh E. Combs* and *Colley & Wynne,* for plaintiffs in error.

*Thomas B. Walton Jr.* and *W. A. Slaton,*. contra.

GILBERT, J. Holliday, trustee in bankruptcy, filed a suit in equity to cancel a voluntary deed executed by Sherrer to his wife, on the ground that it was executed with intent to hinder, delay, and defraud creditors. The defendants admitted execution of the deed, but denied any fraudulent intent. The jury returned a verdict for the plaintiff. The defendants filed a motion for new trial on the general grounds and two special grounds. The motion was overruled, and the defendants excepted. The first special ground undertakes to assign error upon admission of certain evidence, but it does not state what objection was made at the time the evidence was admitted. The second special ground assigns error upon a charge to the jury "that when a transaction between husband and wife is attacked for fraud, by creditors of either, the onus is on the husband and wife to show that the transaction was fair." The criticism is that the court failed to embody in this instruction "what was meant by the attack mentioned, and how it should be construed."

1. Because of failure to state what objection was made, if any, at the time the evidence was admitted, the first special ground of the motion is without merit.

---

Appeal and Error, 3 C. J. p. 901, n. 97.

Cancellation .of Instruments, 9 C. J. p. 1256, n. 12.

Trial, 38 Cyc. p. 1689, n. 20; p. 1693, n. 55; p. 1694, n. 58.

2.   The excerpt from the charge was not incorrect in itself; and it was not error, in the absence of a timely written request, that the court failed to include a definition of the phrase, "attacked for fraud."

3.   The verdict is supported by evidence.

> *Judgment affirmed.   All the Justices concur.*