## BROWN *v.* BROWN.

No. 12029. NOVEMBER 10, 1937.

*Lowrey Stone,* for plaintiff. *M. Davis,* for defendant.

GRICE, Justice. On May 2, 1936, pending a divorce suit, the husband, Columbus Lawrence Brown, was by the judge ordered to pay his wife ten dollars per month as temporary alimony. On June 5, 1937, she presented to the judge her petition in which she recited the filing of her suit for divorce, custody of the child, and permanent and temporary alimony, and the hearing which resulted in the order aforesaid; and she alleged that instead of making full payments, which would have totaled $120, the husband had paid nothing for some months, and in other months only five, six, or eight dollars, or a total of $71. She prayed for a rule nisi calling on the husband to show cause why he should not be adjudged in contempt of court for his failure and refusal to comply with the previous order of court. A rule nisi was issued, and a response thereto was filed. After hearing evidence the judge ordered as follows: "1. That the allegations of the petition have been proved. 2. That the respondent, Columbus Lawrence

Brown, has not shown cause why he should not be adjudged in contempt of court for his failure to comply with the court's order of May 2, 1936, awarding petitioner the sum of ten dollars ($10.00) per month as temporary alimony. 3. The court refuses, however, to adjudge the respondent, Columbus Lawrence Brown, in contempt of court for his failure to comply with said order of May 2, 1936, and refuses to have him attached for contempt and committed to jail, because petitioner states that she is unable to pay the jail fees incident to such imprisonment; and the Supreme Court of Georgia has held, in the case of the *Justices of the Inferior Court* v. *Bivins*, 6 *Ga.* 575, that the county is not liable for such jail fees." To so much of said judgment as refused to have Brown attached for contempt and committed to jail, Mrs. Brown excepted.

As we construe the order of the court on which error is assigned, it is not a case where the judge was modifying his previous order fixing temporary alimony, and did not involve the exercise of any discretion on the part of the court. There is nothing in the order granted by the judge that indicates that on account of any change in the condition of the parties or either of them, or for any other reason, he had concluded that the husband ought not to pay alimony. Nor do we gather from the record that the judge refused to commit because he did not think that the husband was in contempt. The order expressly finds that the respondent "has not shown cause why he should not be adjudged in contempt of court for his failure to comply with the court's order of May 2, 1936," etc., and bears no other reasonable construction than that the only reason why the husband is not adjudged in contempt and committed to jail is because the wife states that she is unable to pay the jail fees incident to such imprisonment; the court feeling constrained not to send him to jail in view of the decision of the Supreme Court of Georgia in the case of *Justices of the Inferior Court* v. *Bivins*, 6 *Ga.* 575, to the effect that the county is not liable for such jail fees. So we are met face to face with this question: Is the express provision of section 30-204 of the Code, that an order allowing temporary alimony may be enforced by attachment for contempt against the person of the husband, rendered unavailable when the wife who brings the rule states that she is unable to pay the expense of the jail fees incident to the im-

prisonment that would follow? The statute does not indicate any such purpose. Though an order for temporary alimony may now be enforced by fieri facias as well as by attachment for contempt (Code, § 30-204), it was at one time said by this court that attachment and not fieri facias was the proper mode for enforcing such an order. *Goss* v. *Goss,* 29 *Ga.* 109. In an earlier case it was remarked that attachment was the appropriate remedy. *Cason* v. *Cason,* 15 *Ga.* 405. An order of commitment to jail is no inappropriate sequel to a finding that one is in contempt of court. *Lewis* v. *Lewis,* 80 *Ga.* 706 (6 S. E. 918, 12 Am. St. R. 281); *Gray* v. *Gray,* 127 *Ga.* 345 (56 S. E. 438); *Heflinger* v. *Heflinger,* 172 *Ga.* 889 (159 S. E. 242, 76 A. L. R. 386). An attachment for contempt at the instance of the wife is the usual way of enforcing against a recalcitrant husband payment of an award for temporary alimony. But for this power of the court to compel compliance with its orders, and the knowledge that it could be used to enforce the payment of alimony, there are many instances where as a matter of fact a wife would receive none, although adjudged by the court entitled thereto. And if the right to invoke this power of the court to commit to jail refractory husbands were given only to those wives able to pay the jail fees, it would deprive many a wife of a remedy for the enforcement of a right. Counsel for the plaintiff requests that the decision in *Justices of the Inferior Court* v. *Bivins,* supra, be reviewed and overruled. In that case a former sheriff of Baldwin County had failed to account for money collected by him on a fi. fa. He was adjudged in contempt and committed to jail. Upon his release the county refused to pay the jailer his fees for keeping and dieting him. The jailer sued the county. This court held that the county was not liable. The ruling was based on this statement appearing in the opinion: "The construction which we give to the term 'prisoners,' as used in the acts of 1792 and 1801, is that such prisoners only as are confined in jail on a *criminal* charge are intended to be 'dieted' at the expense of the public. Prince, 263, 264." Prince's Digest, 258 et seq., shows an act approved December 18, 1792, to revise and amend an act for ascertaining the fees of the public officers of this State. Among other items in the fee bill, under "Jailer's Fees," is this: "Dieting a prisoner per day, . . 37-1/2 cents." This same act is shown in Cobb's

Digest, where the language is identical with that carried in Prince. This is the only part of the fee bill then of force which authorized the jailer to collect fees from the county for feeding the inmates of the jail. The court concluded that he could be paid by the county for dieting only those who were imprisoned for crime, and that the cost of the imprisonment there under discussion should be paid by Breedlove, the plaintiff in execution, at whose instance the attachment issued, and not the County of Baldwin.

The Code of 1863, § 3647, contained the fee bill for jailers. Instead of the language which Judge Warner had before him in *Justices* v. *Bivins,* supra, "Dieting prisoners, per day," etc., and which the court construed to mean "prisoners charged with crime," our first Code reads as follows: "For dieting prisoners confined in jail on any ground whatever." This change in the prior law seems to have been made by the original codifiers, and was not brought about by any statute. There are no marginal annotations. In a most interesting paper on the History of the First Georgia Code, read before the annual meeting of the Georgia Bar Association in 1890, Judge Richard H. Clark, one of the codifiers, tells us that in the division of the work he was assigned "the Political and Public Organization of the State." Said he: "I found the laws touching our county organizations defective. . . I made many new regulations. . . Whenever necessary, I did not hesitate to make new legislation for the ordinary, the clerk of the superior court, and the county sheriff; and I even laid my hands on the justices of the peace and constables. . . Such new laws can be told by the absence of marginal annotations. As a general rule, throughout all the parts, if there is no such annotation it is statutory law for the first time, by the Code." It is fair to assume that the change was made deliberately and in view of the decision in *Justices* v. *Bivins,* supra. The alteration has been carried forward in every succeeding Code, that of 1933, § 77-103, prescribing what fees jailers are entitled to, reading in part as follows: "Dieting prisoners confined in jail on any ground whatever, such fees as may be fixed by the ordinary, or other authority having charge of county affairs, of the county, who is hereby invested with the power to fix said fees." The ruling in *Justices* v. *Bivins,* supra, will no longer be followed, in view of the modification of the statute on which it was based.

In the instant case there having been a formal adjudication that the husband ought to pay alimony, and a further finding that he had not done so, and that he had not shown cause why he should not be adjudged in contempt of court, we hold that the mere statement by the wife to the court of her inability to pay the jail fees incidental to such imprisonment did not compel the judge to refuse to commit the husband to jail, but that, notwithstanding her inability to do so, he should be so committed if in the opinion of the judge such commitment, until he purges himself of the contempt, will subserve the ends of justice. Let a rehearing be had in the light of the views herein expressed.

*Judgment reversed. All the Justices concur.*