SCOTT *v.* WIMBERLY, executrix.

No. 12643. May 11, 1939.

Clement E. Sutton, for plaintiff in error.
Earle Norman and W. A. Slaton, contra.

Bell, Justice. This is the second appearance of this case. In Scott v. Wimberly, 185 Ga. 561 (195 S. E. 865), the judgment of the trial court disallowing an amendment offered by the caveator and alleging undue influence, was reversed. After the return of the case to the lower court the caveat was further amended by adding the following: "That his deceased wife left no children, and that except for the alleged will he is her sole heir. That on or about January ——, 1917, she suffered a complete nervous breakdown, complaining of head pains, of hearing noises, of people peering at her through windows and doors, and her mental condition grew so bad that caveator, with other members of her family carried her to Asheville, Baltimore, and other places for treatment. That for a brief period she appeared to respond to treatment, but finally about the year 1920, while her bodily health improved, her mental condition grew worse to such an extent that it became fixed, and from this time to the end of her life she was incapable of understanding business, and lacked sufficient mentality to understand the nature of a will. That, from about the year 1920 to her last illness, she was able to take walks, knew familiar faces, and could do other acts requiring no exercise of her mentality, although she did conceive the idea that caveator, her husband, had deserted her in 1917, which was in fact untrue, since caveator was at all times a faithful and affectionate husband to his wife; and such belief was a result of the mental disease with which his wife was possessed. That, laboring under this belief, she was induced to bring a petition for divorce filed to the July term, 1921, of the superior court of Bibb County, in which desertion was alleged as a ground for divorce, which ground was in fact untrue, and was

so found; and that later she attempted to bring a second proceeding against caveator. That Mrs. Mary P. Scott also conceived the idea due to her mental condition that her husband had in some way mistreated her, which was also untrue, and that the idea of desertion and of mistreatment persisted in the mind of the said Mary P. Scott, though without foundation of fact; and if in fact a will was signed by Mary P. Scott as alleged, that it was induced by the erroneous belief that she had been deserted by her husband and that he had wronged her in some way. That caveator visited his wife until he was denied admittance to her presence, and continued to write to her until her death, his own health having been impaired to such an extent that he was unable to work and was compelled to live in a western climate, his wife having funds of her own sufficient to care for her needs, and caveator being totally destitute after receiving injuries which prevented him from further practicing his profession." A verdict in favor of the propounder was returned. The caveator's motion for new trial was overruled, and he excepted.

■ ■ In the first special ground of the motion for new trial complaint is made that the court "omitted to instruct the jury as to the elements of undue influence as applied to the instant case, although a special ground of caveat was directed to that one question." On the subject of undue influence the court charged the jury that "the very nature of a will requires that it should be freely and voluntarily executed; hence anything which destroys this freedom of volition invalidates a will; such as fraudulent practices upon testator's fears, affections, or sympathies, duress or any undue influence, whereby the will of another is substituted for the wishes of the testator." This instruction in language of the Code, § 113-208, was applicable to the case; and in the absence of a proper written request it is not cause for a new trial that the court failed to elaborate thereon. *Gate City Dairy & Ice Cream Co.* v. *McRae,* 164 *Ga.* 810 (2) (139 S. E. 542). In the same ground error is also assigned on the charge of the court that "All wills are to be construed as being valid or invalid at the time they are executed; that is, at the time the will was signed." The complaint is that this charge "omitted the issue made by caveator that the undue influence exerted may have occurred before the will was even prepared, there being no direct and positive evidence that

Mrs. Effie Pope Wimberly [the propounder] was with the testatrix when the will was signed." This assignment of error is without merit. The instruction just quoted was not given in connection with the subject of undue influence. The court, at the request of the caveator, had instructed the jury in the language of the Code, § 113-106, and thereafter proceeded: "I further charge you in this connection that where the relation of husband and wife or parent and child exists, that as to these parties all other persons are strangers. In this connection I charge you this: All wills are to be construed as being valid or invalid as of the time they are executed; that is, the time the will is signed. I charge you that while a devise to strangers to the exclusion of the testator's wife or child requires you to closely scrutinize the will, and upon slight evidence you would be authorized to deny probate to the will, if at the time the will is executed by the testator the testator has both husband and child, and she devises her property to her child to the exclusion of her husband, this rule would not apply, because the child is not a stranger within the language of this section of the Code; and the subsequent death of the child would not change the rule, because the will must be considered as of the time it was made, and not at the time it is offered for probate." From the context it is plain that the excerpt, "All wills are to be construed as being valid or invalid at the time they are executed; that is, at the time the will was signed," was intended to apply to an entirely different subject from that of undue influence, and that it was not erroneous for the reason assigned.

■ What has been said above as to the sufficiency of the court's instruction on the subject of undue influence is applicable to the complaint in the second special ground of the motion, that the court erred in "failing to plainly and fully charge the law as to the execution of a will under a mistake of fact." The court instructed the jury substantially in the language of the Code, § 113-210, that "A will executed under a mistake of fact as to the existence or *conduct of the heirs at law* of a testator, is inoperative, so far as such heir at law is concerned, but the testator shall be deemed to have died intestate as to him." (Italics ours.) In this ground it is also alleged that the court erred "in charging on the question of 'delusions,' which failed to distinguish the issue raised in the caveat setting out mistake of fact as to desertion and

abandonment by the caveator, and the evidence in the record that showed the testatrix had also the belief that she was going to hell." The instruction just quoted was given to the jury on the general subject of testamentary capacity, the alleged lack of which constituted the original ground of the caveat in this case. There was evidence that the testatrix was imbued with the belief that she had committed an unpardonable sin, and that her soul was lost. The charge quoted merely instructed the jury that if Mrs. Scott suffered from delusions, such delusions would invalidate the will only if the will was produced by the delusions; and it did not tend to confuse the jury, as contended. Furthermore, this assignment of error is insufficient to invoke a ruling, since it does not set forth either literally or in substance any principle relating to delusions which the movant contends should have been given in charge to the jury. *Wappoo Mills* v. *Commercial Guano Co.,* 91 *Ga.* 396 (2) (18 S. E. 308); *Southern Railway Co.* v. *Dantzler,* 99 *Ga.* 323 (2) (25 S. E. 606); *St. John* v. *Leyden,* 111 *Ga.* 152 (4) (36 S. E. 610); *Smith* v. *Owen,* 112 *Ga.* 531 (37 S. E. 729); *Seaboard Air-Line Railway* v. *Phillips,* 117 *Ga.* 98 (2) (43 S. E. 494); *Elliott* v. *Gary,* 153 *Ga.* 665 (2) (112 S. E. 900).

■ The third special ground assigns error on the following instruction: "I charge you that ordinarily the burden of proof is upon Mrs. Wimberly to show by a preponderance of the evidence that the testator was of sound mind at the time of the making of the will, that the will was executed freely and voluntarily, and that it was executed in the presence of three witnesses, as required by the statute. In this case Mr. Scott, the caveator, has by an amendment in his pleadings admitted a prima facie case in favor of the propounder, by admitting that at the time the will was made the testatrix was apparently of sound mind, that apparently she executed the will freely and voluntarily, and that apparently the will was executed as required by the statute; and I charge you that to overcome these admissions made by him he must prove by a preponderance of the evidence that at the time the will was made Mrs. Scott was of unsound mind, or that the will was made under the undue influence of some other person, or that the will was not executed as required by statute." The complaint is that this charge restricted the caveator, in overcoming the prima facie case, to proof that Mrs. Scott was of unsound mind, that the will was

made under the exertion of undue influence, or that the will was not executed according to statute; whereas "the prima facie case admitted by caveator could have been overcome by showing the will was executed under a mistake of fact, as well as any of the three grounds limited by the court." The charge complained of, when considered in connection with the other instructions, did not limit the caveator as contended. At the beginning of the charge the judge, in stating the issues, charged the jury that one of the contentions of the caveator was that the will was executed under a mistake of fact. After charging as quoted above, he instructed the jury that "a will executed under a mistake of fact as to the existence or conduct of the heirs at law of the testator is inoperative, so far as such heir at law is concerned, but the testator shall be deemed to have died intestate as to him." In concluding the charge the judge instructed the jury: "I charge you, gentlemen, that if you believe from the evidence in this case, after applying the rules of law as given you thereto in charge, that the contentions of the propounder, Mrs. Wimberly, are correct, that is, gentlemen, that her sister had mental capacity to make the will at the time it was made, that her sister was not subjected to any undue influence in the making of the will, that there was no mistake of fact at the time the will was made; if you should believe that the contentions of the propounder are true upon those questions, it would be your duty to return a verdict in favor of the propounder, Mrs. Wimberly. . . On the other hand, if you believe from the evidence in this case that the contentions of the caveator, Mr. Scott, are correct, after applying the rules of law as given you hereto in charge, it would be your duty to return a verdict in favor of the caveator, Mr. Scott. In the absence of a request for more specific instructions, the charge as a whole clearly informed the jury that they should not find for the propounder unless they were satisfied that the will was not executed under a mistake of fact.

■ The fourth ground complains because the court, having charged the jury section 38-106 of the Code, defining preponderance of evidence, did not also instruct them as to the law contained in § 38-107, as follows: "In determining where the preponderance of evidence lies, the jury may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their means and opportunity for knowing the facts to

which they testified, the nature of the facts to which they testified, and the probability or improbability of their testimony, their interest or want of interest, and also their personal credibility so far as the same may legitimately appear from the trial. The jury may also consider the number of the witnesses, though the preponderance is not necessarily with the greater number." In the absence of a proper written request, it is not cause for a new trial that the court failed to give this section in charge to the jury. *Freeman* v. *Coleman,* 88 *Ga.* 421 (3) (14 S. E. 551) ; *Campbell* v. *State,* 123 *Ga.* 533 (7) (51 S. E. 644) ; *Lewis* v. *State,* 125 *Ga.* 48 (53 S. E. 816) ; *Mallary* v. *Moon,* 130 *Ga.* 591 (61 S. E. 401) ; *Fry* v. *State,* 141 *Ga.* 789 (4) (82 S. E. 135) ; *George* v. *McCurdy,* 42 *Ga. App.* 614 (2), 617 (157 S. E. 219).

The verdict was authorized by the evidence, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*