## HUBBARD *v.* THE STATE.

JENKINS, Presiding Justice. 1. This case came to this court only on the general grounds. The verdict of guilty of rape, without a recommendation, was fully supported by the corroborated testimony of the victim, in which she positively identified the defendant, and by his confession, which under the uncontradicted evidence was made without threat or promise of reward.

2. Although the defense of insanity at the time of an alleged crime may be made under a general plea of not guilty (*Carr* v. *State*, 96 *Ga.* 284, 286, 22 S. E. 570), the burden rests on the accused, under the presumption of sanity, "to show by a preponderance of evidence, but not beyond a reasonable doubt, that at such time he was mentally irresponsible, under the tests recognized in this State." *Rozier* v. *State*, 185 *Ga.* 317, 319 (195 S. E. 172), and cit.; *Danforth* v. *State*, 75 *Ga.* 614 (3) (58 Am. R. 480); *Griffin* v. *State*, 195 *Ga.* 368, 375 (24 S. E. 2d, 399); *Bowden* v. *State*, 151 *Ga.* 336 (3), 339 (106 S. E. 575); *Hinson* v. *State*, 152 *Ga.* 243 (2) (109 S. E. 661).

3. Where, as in this case, the exception of "delusional insanity" is not involved, the sole test of criminal responsibility is whether the accused had "reason sufficient to distinguish between right and wrong in relation" to the particular offense. *Roberts* v. *State*, 3 *Ga.* 310; *Rozier* v. *State*, 185 *Ga.* 320 (supra), and cit.

There was testimony for the defendant that at intervals he would have "spells" and, be in a "trance." His father was permitted to testify that at such times he "did not know right from wrong" and "would get in trouble," but that at all other times he was "quiet, peaceful," and "normal." While his father and mother testified that he had "talked out of his head" and "wouldn't eat" on Thursday and Friday before the crime on the following Sunday, and on Saturday he had pulled up a post in the country, where he lived, which ordinarily would have required three men to do, the testimony as to the post indicated merely his physical strength, and did not show anything mentally abnormal in the act itself. The defendant's testimony showed that he was fully able to go about town and return home on Saturday, without any mental abnormality at that time or subsequently. For the State there was positive testimony by witnesses, who knew and had often seen the defendant, to the effect that he was entirely normal. The State's evidence as to his language and conduct on the day of the crime, before and after as well as at the time of its commission, also indicated that he was mentally normal. Accordingly, on the issue of criminal responsibility under the preceding rule, the verdict against the defendant was authorized by the presumption of sanity and the testimony.

*Judgment affirmed. All the Justices concur.*

No. 14680. NOVEMBER 10, 1943.

*J. Millard Jackson,* for plaintiff in error. *T. Grady Head, attorney-general, Charles H. Garrett, solicitor-general, M. H. Boyer, solicitor-general,* and *L. C. Groves, assistant attorney-general,* contra.