31989.   ORANGE *v*. THE STATE.

Decided May 6, 1948.

Raymond W. Martin, for plaintiff in error.

L. M. Wyatt, Solicitor-General, contra.

GARDNER, J. ■ So far as the general grounds are concerned, the evidence which we have set out at length is clearly sufficient to sustain the verdict of conviction. Indeed, the attorney for the appellant does not argue to the contrary. It therefore follows that unless there is some meritorious contention in one or more of the special grounds, the judgment should be affirmed. We will look into them in their order.

■ Special ground 1 assigns error because the court refused to give the following request to charge: "I charge you that where there is evidence showing insanity prior to the commission of the crime, the presumption is that the accused continued to be insane. I further charge you that the law of no civilized country holds idiots or lunatics or insane persons liable for their acts, either civil or criminal. I further charge you that if at the time the act was committed, the defendant was incapable of adjudging the quality of this act and knowing whether it was right or wrong, you should acquit him." It was held in the case of *Quattlebaum* v. *State,* 119 *Ga.* 433 (6) (46 S. E. 677): "One adjudged insane is responsible for a crime committed during a lucid interval. Penal Code, § 35." See also Code, § 26-303. In our opinion, to have charged in the language requested would have placed the burden upon the State to establish the sanity of the defendant at the time of the commission of the crime, where, as here, prior thereto he had been adjudged insane by a court of ordinary. In a more recent case, *Hubbard* v. *State,* 197 *Ga.* 77 (2) (28 S. E. 2d, 115), the Supreme Court held: "Although the defense of insanity at the time of an alleged crime may be made under a general plea of not guilty (*Carr* v. *State,* 96 *Ga.* 284, 286, 22 S. E. 570), the burden rests on the accused, under the presumption of sanity, 'to show by a preponderance of evidence, but not beyond a reasonable doubt, that at such time he was mentally irresponsible, under the tests recognized in this State.' *Rozier* v. *State,* 185 *Ga.* 317, 319 (195 S. E. 172), and cit.; *Danforth* v. *State,* 75 *Ga.* 614 (3), (58 Am. R. 480); *Griffin* v. *State,* 195 *Ga.* 368 (24 S. E. 2d, 399); *Bowden* v. *State,* 151 *Ga.* 336 (3), 339 (106 S. E. 575); *Hinson* v.

*State*, 152 *Ga*. 243 (2) (109 S. E. 661).'' It is true that where one has been adjudged insane the presumption is that such insanity continues until some adjudication to the contrary, but where, as here, the charge of the court fully covers the question, the failure to charge in the language requested is no ground for reversal. The court fully charged, and correctly, the law of insanity. It is true that counsel for the defendant challenges the charge of the court on the ground that the court was confused in its charge as to a special plea of insanity and a plea of insanity under the general issue, the former being provided for under the Code, § 27-1502, and the latter under § 26-301. It is well settled that a special plea is proper if the defendant has become insane since the crime was committed or is insane at the time of the trial, and that a plea of insanity may be taken advantage of under the general issue if the defendant was insane prior to the time the alleged crime was committed or was insane at the time the crime was alleged to have been committed. In the instant case no special plea of insanity was filed. The defendant sought as a defense to take advantage of a plea of insanity under the general issue, on the ground of an adjudication of insanity prior to the commission of the crime, or that the defendant was insane at the time the crime was alleged to have been committed. The evidence reveals that the defendant had been adjudged insane prior to the time of the commission of the alleged crime. That seems to have been conclusive. But as to whether he was insane at the time of the commission of the crime was a jury question. The State produced evidence overwhelmingly to the effect both by the conduct of the defendant and by his participation in the crime and by witnesses who knew him and had observed him since his adjudication that at the time of the commission of the crime he was sane and knew the difference between right and wrong. We are not unmindful of the principle of law that where one has been adjudged insane the presumption of such insanity continues unless this presumption is in some legal manner removed. In some cases the failure to charge as to this presumption would be reversible error, but under the facts of this case and the charge of the court as a whole, it is our opinion that the failure to charge on such presumption is not cause for reversal in the instant case and we so hold

■ Special ground 2: Error is assigned on the following excerpt from the charge of the court "the burden of proof is on the defendant to establish his plea of insanity by a preponderance of evidence." The assignments of error on this charge are in effect practically the same as those dealt with in the next preceding division of this opinion. As we have stated, the defendant filed no special plea but he did endeavor to take advantage of a plea of insanity under the general issue. This was based on an adjudication of insanity prior to the commission of the alleged crime. The authorities and reasoning given in the said preceding division of this opinion are applicable here. We can make our position no plainer by further elaboration.

■ Special grounds 3 and 4 we will treat together. Special ground 3 complains of the following excerpt from the charge of the court: "A lunatic or person insane, without lucid intervals shall not be found guilty of any crime or misdemeanor with which he may be charged; provided the act so charged as criminal was committed in the condition of such lunacy or insanity. But if a lunatic has lucid intervals of understanding, he shall answer for what he does in those intervals as if he had no deficiency." In special ground 4 complaint is made of the following excerpt from the charge of the court: "The perpetrator may be insane in a loose, general sense, and yet be, in the eye of the law, sane and responsible so far as the act in question is concerned." It is contended that the above excerpt from the charge of the court was "commingled with the following charge and language of the court: 'Generally with regard to the question of sanity or insanity at the time of the alleged act, or an act alleged to be criminal, the true test of the sanity or insanity is as follows: The insanity which renders the perpetrator of a particular act which would ordinarily be criminal, incapable of committing a crime, is such as deprives him of the capacity to distinguish between right and wrong as to such act. The perpetrator may be insane in a loose, general sense, and yet be, in the eye of the law, sane and responsible so far as the act in question is concerned.'" With reference to these excerpts we might here quote more fully from the charge of the court on insanity as follows: "Generally with regard to the question of sanity or insanity at the time of the alleged act, or an act alleged to be criminal, the true test of

sanity or insanity is as follows: The insanity which renders the perpetrator of a particular act which would ordinarily be criminal, incapable of committing a crime, is such as deprives him of the capacity to distinguish between right and wrong as to such act. The perpetrator may be insane in a loose, general sense, and yet be, in the eye of the law, sane and responsible, so far as the act in question is concerned. This is a question of fact to be determined by you, gentlemen of the jury.

"If you believe that the defendant committed the act charged against him in this bill of indictment, either by himself, or in conjunction with any of the others but at the time of its commission he was mentally incapable of distinguishing between right and wrong, relative to such act, then you should acquit him. Likewise, if you have a reasonable doubt as to this, you should give the defendant the benefit of the doubt and acquit him. The burden of proof is on the defendant to establish his plea of insanity by a preponderance of the evidence.

"If, on the other hand, you should believe the defendant committed the act charged against him in the indictment, either by himself or in conjunction with others named in the indictment, and that at the time of the commission of the act he was mentally capable of distinguishing between right and wrong relative to such act, and was not irresistibly impelled in its commission by reason of mental disease, he would not be excusable for same upon the ground of insanity." The attorney for the movant deals with these two grounds together in his brief and states that the excerpts of which complaint is made in these two special grounds, commingled delusional insanity with common insanity as defined under the Code. So far as the exception as set out in special ground 3 is concerned, it is but a restatement of the law contained in the Code, § 26-303. The Supreme Court in *Reeves* v. *State,* 196 *Ga.* 604 (2) (27 S. E. 2d, 375), held that it was not error to charge the provisions of that section. In the *Reeves* case the defendant contended in his statement that at the time of the homicide and at previous times his mind was a blank. In the instant case the defendant relies on an adjudication of insanity on February 14, 1947, which adjudication was to the effect that the defendant in the instant case was violently insane. In the *Reeves* case the court held that in charging the Code, § 26-303,

the defendant was not prejudiced. This section merely defines criminal responsibility in cases of lunatics and persons insane. In principle, we can see no greater error in charging that section in the instant case than in the *Reeves* case.

So far as the assignments of error on the first portion of the excerpt from the charge as set out in special ground 4 are concerned, it is contended that it was prejudicial to the movant to charge on the subject of general insanity without in the same connection making it clear that delusional insanity should be charged as an exception to general insanity. We do not think that the charge as a whole is subject to this criticism either under *Reeves* v. *State,* supra, or *Smith* v. *State,* 196 *Ga.* 595 (27 S. E. 2d, 369). With reference to the latter portion of the excerpt from the charge of the court as set out in special ground 4, the Supreme Court in *Barker* v. *State,* 188 *Ga.* 332 (3) (4 S. E. 2d, 31), held that the following language "the perpetrator may be insane in the loose and general sense, and yet be, in the eyes of the law, sane and responsible so far as the act in question is concerned" was not reversible error. So when we view the assignments of error in the grounds now under consideration in the instant case, under the facts and the whole charge in the light of the decisions in the *Barker, Smith,* and *Reeves* cases, there appears no reversible error. Concerning the general law relative to insanity which we think was properly charged, when we consider the charge of the court as a whole, we call attention to *Rozier* v. *State,* 185 *Ga.* 317, 320 (1, 2) (195 S. E. 172); *Griffin* v. *State,* 195 *Ga.* 368 (24 S. E. 2d, 399), and *Hubbard* v. *State,* 197 *Ga.* 77 (28 S. E. 2d, 115). We find no cause for reversal under the assignments of error in special grounds 3 and 4.

The court did not err in overruling the motion as amended for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*