### COLEY *v.* THE STATE.

FISH, J.　1. While proof of given facts may be sufficient to authorize a jury to find that a confession has been corroborated, the court should not instruct the jury that such proof is sufficient. The determination of such a question is peculiarly one for the jury.

2. Accordingly, it was, in the trial of one indicted for burglary, erroneous to charge as follows: "If you find that he confessed that he stood watch and that he left there with his brother, whether or not he carried any of the goods, that the goods were concealed and that this defendant disclosed the place where the goods were concealed, that would be sufficient corroboration of a confession, if you find that there has been a confession in this case."

*Judgment reversed. All the Justices concurring.*

Submitted November 20,—Decided November 28, 1899.

Indictment for burglary.　Before Judge Smith.　Pulaski ·superior court.　August term, 1899.

*Herbert L. Grice,* for plaintiff in error.
*John F. DeLacy, solicitor-general,* contra.

---

### HOLLOWAY *v.* THE STATE.

·SIMMONS, C. J.　There was sufficient evidence to authorize the trial judge to charge the jury upon voluntary manslaughter. There was no error in the other charges, or refusals to charge, as complained of in the motion for new trial. The evidence warranted the verdict, and the court did not err in refusing to set it aside.

*Judgment affirmed. All the Justices concurring.*

Argued November 20,—Decided November 28. 1899.

Indictment for murder.　Before Judge Hart.　Jasper superior court.　September term, 1899.

*John R. Cooper* and *J. D. Kilpatrick,* for plaintiff in error.
*H. G. Lewis, solicitor-general.* contra.