### 4626. SIMS *v.* THE STATE.

Where a house is destroyed by fire, the law implies that the burning was the result of either accident or providential cause, rather than of criminal design. A confession alone will not authorize a conviction; the corpus delicti must be proved aliunde the confession. Where the evidence is not sufficient to overcome the legal presumption that the burning was accidental, a conviction of arson is unauthorized.
DECIDED APRIL 2, 1913.

Indictment for arson; from Madison superior court—Judge Meadow.  December 7, 1912.

The accused—a negro boy—was charged with having burned a barn.  The fire was discovered between ten and eleven o'clock at night.  The roof and the upper part of the barn were then burning. It contained hay and fodder.  The accused was arrested several days later, and confessed that he set fire to the barn.  He said that a certain man came to where he lived and forced him to do it, and that he went to the barn in a buggy.  Vehicles moving rapidly were heard that night, about the time of the fire, by persons living

near.the barn. Buggy tracks were discovered near it the next morning, and similar tracks led to the house where the accused lived.

*John E. Gordon, W. M. Smith, George C. Thomas,* for plaintiff in error.

*Thomas J. Brown, solicitor-general,* contra.

POTTLE, J. The accused was convicted of arson, and excepted to the overruling of his motion for a new trial. The principal contention made by his counsel in this court is, that there was no proof of the corpus delicti. In an arson case the corpus delicti consists of the burning of the house by some criminal agency. *West* v. *State,* 6 *Ga. App.* 105 (64 S. E. 130). There was proof of a confession, but it is well settled that the corpus delicti must be proved aliunde the confession. *West* v. *State,* supra; *Huey* v. *State,* 7 *Ga. App.* 389 (66 S. E. 1023); *Bines* v. *State,* 118 *Ga.* 320 (45 S. E. 376, 68 L. R. A. 33); *Davenport* v. *State,* ante, 102. The presumption is that the burning was the result of either accident or some providential cause, rather than of some criminal design. *Id.* Where circumstantial evidence is relied on to overcome this presumption, it must be sufficient to exclude every other reasonable hypothesis than that the house was feloniously burned. The circumstances relied on in this case are entirely too inconclusive. There is no evidence sufficient to overcome the presumption that the burning was accidental. This being so, the. evidence was not sufficient to authorize the conviction. .

*Judgment reversed.*