### 5261.   SIMS *v.* THE STATE.

1. In order to authorize a conviction of arson, the corpus delicti must be established independently of the confession of the accused.
2. The evidence was insufficient to establish the corpus delicti.

DECIDED NOVEMBER 25, 1913.

Indictment for arson; from Madison superior court—Judge Meadow.   September 5, 1913.

*John E. Gordon, George C. Thomas,* for plaintiff in error.

*Thomas J. Brown, solicitor-general,* contra.

ROAN, J.   The accused was convicted of arson, and excepts to the overruling of his motion for a new trial.   The principal ground insisted on is that there was no proof of the corpus delicti. In a case of this kind it takes more than proof of the burning to warrant a conviction; it must appear from evidence, either direct or circumstantial, to a reasonable and moral certainty that the house was burned by some criminal agency.   *West* v. *State,* 6 *Ga. App.* 105 (64 S. E. 130).   There was proof in this case of a confession, but it is well settled that the corpus delicti must be proved aliunde the confession.   The presumption in a case of arson is that the burning was the result of accident or providential cause, rather than of criminal design.   In this case the defendant was once before convicted of the same offense, and made a motion for a new trial, which was overruled, and it was brought to this court for review.   The court then held that "The circumstances relied on in this case are entirely too inconclusive.   There is no evidence sufficient to overcome the presumption that the burning was accidental.   This being so, the evidence was not sufficient to authorize the conviction."   Now, it appears upon a comparison of the former record with the present one that the evidence is practically the same in both cases, and not any stronger

in this case than in the previous one. It not being sufficient then to authorize a verdict of guilty, it is for the same reasons insufficient now. See *Sims* v. *State*, 12 *Ga. App.* 551 (77 S. E. 891); *Moon* v. *State*, 12 *Ga. App.* 614 (77 S. E. 1088).

*Judgment reversed.*