## HINSON, *alias* MOON, *v.* THE STATE.

HILL, J. 1. A confession alone, uncorroborated by other evidence, will not justify a conviction. Penal Code (1910), § 1031.

(*a*) The sufficiency of the corroboration is a question for the jury. *Coley* v. *State,* 110 *Ga.* 271 (34 S. E. 845).

(*b*) The evidence was sufficient to authorize the jury to find that the confession of the defendant was corroborated, and was sufficient to prove the corpus delicti.

2. Where, on the trial of one charged with murder, a plea of insanity is set up, the presumption is in favor of the sanity of the defendant. *Carter* v. *State,* 56 *Ga.* 463 (8) ;. *Danforth* v. *State,* 75 *Ga.* 614 (4 *a*), 627 (58 Am. R. 480). Confessions freely and voluntarily made are prima facie admissible; and the burden of proof is upon the defendant pleading insanity to prove his legal incapacity to commit the crime, and consequently his legal incapacity to confess the crime. This burden was not carried by the defendant.

(*a*) It appearing that the confession was freely and voluntarily made, it was not error to admit it over the objection that it was not freely and voluntarily made, and that the defendant did not have mental capacity to make the confession.

3. The general rule in this State is that " If a man has reason sufficient to distinguish between right and wrong in relation to a particular act about to be committed, he is criminally responsible." *Roberts* v. *State,* 3 *Ga.* 310 (3); *Carr* v. *State,* 96 *Ga.* 284 (2), 287 (22 S. E. 570); *Flanagan* v. *State,* 103 *Ga.* 619, 625 (30 S. E. 550); *Taylor* v. *State,*

105 *Ga.* 746, 775 (31 S. E. 764); *Strickland* v. *State*, 137 *Ga.* 115 (5), 118 (72 S. E. 922); *Bowden* v. *State*, 151 *Ga.* 336 (4), 339 (106 S. E. 575).

(*a*) Accordingly it was not error for the court to permit the solicitor-general to propound to certain witnesses, and receive answers thereto, and allow the jury to consider the question and answers, as follows: " Had the defendant sufficient mind to know the difference between right and wrong? A. He had," as against the objection that the true rule is: " Is the defendant a person of sound and disposing mind and memory; is his memory sufficient to form the intent to commit a crime?"

(*b*) Nor was it error for the court to charge the jury substantially the rule which was first laid down in the *Roberts* case, supra, and which has been followed since; nor was it error to refuse the requests to charge on the law of insanity, the requests being argumentative. In so far as they state sound principles of law, they were covered by the charge as given by the court.

4. Other assignments of error are without merit.

5. The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed.    All the Justices concur, except Fish, C. J., absent because of sickness.*

No. 2550. NOVEMBER 16, 1921.

Indictment for murder. Before Judge Dickerson. Cook superior court. March 12, 1921.

Milton Hinson, alias Milton Moon, was indicted for the homicide of his mother; and at the same term of court he filed his plea of not guilty, and a special plea of insanity. On the trial of the case the jury returned a verdict of guilty of murder, with a recommendation of life imprisonment; and the defendant was accordingly sentenced by the court. He made a motion for new trial, which was overruled, and he excepted.

*R. A. Hendricks* and *T. N. Hendricks,* for plaintiff in error.

*R. A. Denny, attorney-general, J. D. Lovett, solicitor-general, Graham Wright, asst. atty.-gen.,* and *Jackson & Jackson,* contra.