## 32940. DAVENPORT v. THE STATE.

GARDNER, J. (a) The defendant was convicted of operating an automobile while under the influence of intoxicating liquors. He filed his motion for a new trial which was overruled.

(b) The evidence shows that the sheriff of Jackson County was called to investigate an occasion where a dead man had been found on the highway. "Nobody knew anything about it." The sheriff carried the coroner with him. The sheriff got word at 12:45 o'clock at night that the dead man had been run over. After completing his investigation, he drove to where the defendant lived, a distance of about eight or nine miles. He found the defendant and the defendant's wife in bed. The defendant didn't tell the sheriff that when he got home he took some liquor. The witness had to awaken the defendant. "He was awful drunk." The sheriff inquired of the defendant if the defendant was driving the car. There were two cars in front of the defendant's house. Witness examined the cars. The radiator of one car was hot, the radiator on the other car was not hot. There was a little blood on the front bumper. The defendant did not answer the question as to whether or not he was driving the car at the time, but after he was carried to town, the sheriff inquired again if the defendant was driving the car, and the defendant said he was driving the car, and he said he was driving the car while drunk. The defendant was drunk and staggering, so the witness stated. This statement was made freely and voluntarily without promise or threat.

On cross-examination, the witness testified that he did not know what time the man in the road was run over. He drove down there immediately after he received word of the accident. He remained where the dead man was found about forty minutes, maybe longer. The defendant stated that when he ran over the body he was frightened.

Jim Bell, a policeman, testified that he went with the sheriff to the home of Jake Davenport. This witness testified as to awakening the defendant, stating that the defendant was asleep at his house; that witness smelled liquor on the defendant; that he saw the blood on the bumper of the car; that the defendant stated to the witness freely and voluntarily without any threats or promises, that he was drinking when he ran over the Negro in the road.

The defendant first stated that he did not run over the Negro; that he was drinking when he ran over the dead man, that the reason the defendant gave for not stopping when he ran over the body was that the defendant was scared.

On cross-examination, witness testified that the defendant was scared when the sheriff and witness arrived at the home of the defendant.

A State trooper testified: that he had an occasion to investigate the death of a Negro on the highway; that witness talked to the defendant the next afternoon; that the defendant immediately made a statement to the witness, freely and voluntarily; that upon inquiry of the defendant by the trooper as to what happened, the defendant stated he didn't see the dead man until he had run over the body; that upon being asked by the trooper if the defendant had been drunk, the defendant stated that he had been drinking at the time he ran over the man in the road.

(c) We have read this record carefully and we conclude that the only question in the case is whether the confession was corroborated, as required under Code Section 38-420, which provides in part as follows: "A confession alone, uncorroborated by any other evidence, shall not justify a conviction." We have quoted evidence for the State substantially. We realize the proof of the corpus delicti and proof of a confession is sufficient evidence upon which to base a verdict of conviction. Was there any evidence at all in this record to prove the corpus delicti? No one saw the defendant operating the car. No one testified as to what the condition of the defendant was at the time he was on the public highway. There is no evidence to prove that the defendant was drunk or drinking on the public highway at the time he was operating the car (if he was operating the car). The only light on this question, that is—the corpus delicti, comes from the defendant when being questioned with reference to the cause of the death of the dead man found in the road except what the defendant told the investigating officers an·hour or an hour and one half afterwards at the defendant's home after the defendant had been awakened, and by the State trooper the next afternoon as to·what happened.

The principle of law that a confession uncorroborated is insufficient upon which to base a verdict is elementary and of long standing. It seems to us that the citation of authorities to illustrate this principle of law would be unnecessary.

The court erred in overruling th emotion for a new trial.

Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.

DECIDED JUNE 15, 1950.

George W. Westmoreland, for plaintiff in error.
Hope D. Stark, Solicitor-General, contra.