### 32939. CHESTER *v.* THE STATE.

GARDNER, J. (a) This case arose from the same incident as *Davenport v. State,* ante, p. 787.

The *Davenport* case was reversed on the principle of law that there was no evidence whatsoever that the defendant in that case was operating the car at the time and on the occasion in question. The only record

that the defendant *Davenport* was operating the car on the occasion was by his confession. The corpus delicti can not be proven by a confession alone. This must be done by aliunde evidence. In the *Davenport* case we were of the opinion that the evidence as to the intoxication of Davenport in operating the car at the time and place in question was too remote to be considered as a circumstance in establishing his intoxication at the time and place in question. In that case Davenport was found at his home in bed several hours after the occasion in question. In fact, the evidence does not reveal how long it was from the time he ran over the dead man in the road until he was found at his home, except as above stated, it was hours.

(*b*) In the instant case there is evidence that this defendant was apprehended about five minutes after the officers had found the body of the dead man in the road, and that the defendant was at that time under the influence of intoxicating liquors, working on his car. There were several others with him. But the record does not reveal how long it was from the time Chester ran over the body (and we think under all the circumstances, the jury could very well find from the blood which was underneath the defendant's car that the defendant's car, and it was proven to be his other than by his own statement, was one of the cars which ran over the dead man) until the officers apprehended the defendant five minutes after they had located the body. We are of the opinion that the blood on the car and the intoxication of the defendant in the instant case may properly go to the jury, as circumstances to be considered by the jury. But the evidence in the instant case, as in the *Davenport* case, is insufficient as a matter of law to sustain the verdict in the instant case. This is true for the reason that there is no evidence whatsoever in the instant case to prove that the defendant was operating the car at the time and place in question. This essential element of the crime for which the defendant was tried was supplied only by proof of a confession on the part of the defendant. This is insufficient to establish the corpus delicti in the instant case. The evidence reveals that there were seven others with the defendant when he was apprehended at work on the radius rod of his car.

(*c*) There is a special ground which complains of the court admitting, over objections, the question of the car having run over the man in the road, and blood being on the car and certain other evidence pertaining to the whole incident and occasion, and circumstances concerning it. This evidence, we think, is admissible as circumstances to be submitted to the jury within proper bounds, and with proper instructions from the court. The case is not being reversed on the special grounds, but for the reasons hereinabove set forth.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*

DECIDED JUNE 15, 1950.

*George W. Westmoreland,* for plaintiff in error.
*Hope D. Stark, Solicitor-General,* contra.