SAMUEL BOMES *et al. vs.* CORNELIUS T. CROWLEY.

JULY 31, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This case comes before us on plaintiffs' bill of exceptions to the decision of a justice of the superior court, sitting without a jury, sustaining defendant's plea in abatement and quashing the writ theretofore issued.

An examination of the writ, which was in trespass on the case for negligence, shows that substituted service thereof was made on defendant as a nonresident through Laure B. Lussier, registrar of motor vehicles, as his lawfully appointed attorney in accordance with the provisions of general laws 1938, chapter 103, as amended. Defendant filed a plea in abatement denying the jurisdiction of the court on the ground that he has not accepted the rights and privileges conferred upon nonresidents by said G. L.

1938, chap. 103, as amended, and is therefore not subject to the provisions thereof.

The case was submitted to the trial justice on an agreed statement of facts in amplification of the plea in abatement. These facts are substantially as follows. On November 18, 1946 John F. Paine, who was the owner and operator of the machine in question, stopped his automobile on Taunton avenue in East Providence and went into the town hall, leaving the defendant, who was a guest passenger, seated in the automobile on the right-hand side. The defendant was the holder of a Massachusetts operator's license and had been driving for years. He was the owner of a 1939 Dodge sedan and kept it in Rhode Island ever since he and his wife came here to work for Mr. Paine. Defendant had driven the Paine car quite often and was familiar with its operation.

The day of the accident was cold and while defendant was waiting for Mr. Paine to return from the town hall he wanted to get some heat as the car had cooled off. He did not move to a position behind the wheel, but reached over with his left hand, turned the ignition key and then pushed the starter button on the dashboard. When he did so the automobile started going backward. His feet were on the right-hand side of the car and consequently he could not get them on the brake pedal to stop it. He tried to turn off the ignition but before he could do so the car hit another automobile and mounted the sidewalk across the street. The rear end of the Paine car crashed into the doors of the theater owned by plaintiffs, causing the damage which is the basis of this suit.

Plaintiffs rely upon G. L. 1938, chap. 103, §1, the pertinent provisions of which read as follows:

"The acceptance by a non-resident of the rights and privileges conferred by this chapter, as evidenced by the operation of a motor vehicle thereunder by such non-resident, his servant or agent, or the operation by a non-resident, his servant or agent, of a motor vehicle

on a public highway in this state other than under this chapter, shall be deemed equivalent to an appointment by such non-resident of the chief of the division or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against said non-resident, growing out of any accident or collision in which said non-resident, his servant or agent, may be involved while operating a motor vehicle on such a way, and said acceptance or operation shall be a signification of said non-resident's agreement that any such process against him which is served as provided in this chapter shall be of the same legal force and validity as if served on him personally."

The defendant contends, however, that he is not an *operator* under the terms of this statute; that the substituted service therein provided is not applicable to him; and he asks that the writ herein issued be quashed. The sole issue therefore, as both parties agree, is whether defendant, by reason of his actions and conduct as set forth in the stipulation of facts above referred to, is an operator under and within the purview of the quoted portion of G. L. 1938, chap. 103, *supra*.

We are of the opinion that the conduct of defendant in the instant case constituted *operation* of the Paine car on a public highway in this state in such a manner as to bring him within the terms of said G. L. 1938, chap. 103, and that substituted service against him under that statute was therefore valid. In determining the question of what constituted operation of a motor vehicle, the court in *Commonwealth* v. *Clarke,* 254 Mass. 566, used the following language: "Whether the defendant's automobile was operated on the way contrary to the provisions of the statute is not to be determined by the distance the vehicle moved. It proceeded but a short distance, yet it moved sufficiently to collide with the car in front of it, and probably would have proceeded farther if it were not for the collision. The shifting of the gears caused the car to move. *This act,*

on the evidence in the case, was an operation of the motor vehicle within the meaning of the statute." (italics ours)

In *Commonwealth* v. *Uski*, 263 Mass. 22, the court held: "The words of the statute 'Whoever upon any way *operates* a motor vehicle' include the setting in motion of the operative machinery of the vehicle as well as the driving of the vehicle under the power of the motor machinery." (italics ours) In *State of Iowa* v. *Webb*, 202 Iowa 633, it was held that defendant was "operating" an automobile when he put the engine in motion, and that the starting of the engine is the first step in the operation of a car. In *People* v. *Domagala*, 206 N.Y.S. 288, it was held that the starting of the motor for the purpose of putting the automobile into motion constituted *operation* of the automobile within the meaning of the applicable statute.

In the instant case, while the defendant may not have had in mind the setting of the automobile in motion, that result was actually achieved by turning on the ignition and pressing the starter button. In our judgment the purpose of the defendant in turning on the ignition and pressing the starter button is not controlling. He should be held to the probable consequences of his acts. Here he performed two acts which are usually associated with the operation of an automobile. By turning on the ignition and pressing the starter button he actually placed the automobile in motion and caused the damage complained of. In these circumstances it seems clear to us that he was operating such automobile within the purview of G. L. 1938, chap. 103. Therefore on the stipulated facts referable thereto the trial justice was in error in sustaining defendant's plea in abatement and quashing the writ.

The plaintiffs' exception is sustained, and the case is remitted to the superior court for further proceedings.

*E. Harold Dick, George C. Berk,* for plaintiffs.

*Carroll & Dwyer, Edward F. J. Dwyer,* for defendant.