35231. WATERS *v.* THE STATE.

DECIDED JULY 7, 1954.

*Ballard, Owens & Epstein, Clyde W. Henley,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Robert O'Neal, Charlie O. Murphy,* contra.

TOWNSEND, J.  The only eyewitness to the occurrence testified for the State that he saw the defendant drive his car through a narrow place in the street and hit the fender of a car belonging to Sam Lowe; that he then observed the defendant park his car and get out, and that at that time he did not stagger and did not appear to be drunk; that the defendant walked down the street and was gone about 15 or 20 minutes and then returned.  The owner of the automobile and two police officers testified that, when they talked with the defendant about 15 or 20 minutes

after the collision, he appeared to be intoxicated and to have the smell of alcohol on his breath. One of the witnesses testified that the defendant stated at the police court that he had had two bottles of beer, but did not say at what time he had had the beer, and the witness did not know whether he meant he had drunk it before the collision, or after the collision and before he returned to the scene. Thus, the admission of the defendant that he had had two bottles of beer in no sense constituted a confession that he was driving the automobile while under the influence of intoxicants, and did not even constitute an admission that he had drunk the beer while he was driving the automobile and before the collision occurred. The only eyewitness testified that at that time the defendant did not appear to him to be under the influence of intoxicants. That the defendant was intoxicated some 15 or 20 minutes after he left the car and had the odor of alcohol on his breath at that time, is a circumstance to be considered in the case, but it does not, when considered in connection with the testimony of the eyewitness at the scene and the absence of any evidence negativing the possibility of his having drunk the liquor during the time he was absent from the car, exclude every reasonable hypothesis save that of the guilt of the accused. There is no evidence whatever that the defendant was seen *driving* the automobile while under the influence of intoxicants, and this is the gravamen of the charge. Accordingly, the conviction was unauthorized. See, in this connection, *Davenport* v. *State,* 81 *Ga. App.* 787 (60 S. E. 2d 190).

The judge of the superior court erred in denying the petition for certiorari.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*