### 35375. RAY *v.* THE STATE.

DECIDED OCTOBER 26, 1954.

*T. C. Little, Norman Robinson, Ferrin Mathews,* for plaintiff in error.

*Luther C. Hames, Jr., Solicitor-General,* contra.

GARDNER, P. J. ■ No one who testified in this case saw the defendant operating the car at any time. It does not appear how long it was after the collision before any officer arrived on the scene. It does appear that, when the officers arrived, the ambulance was there at the scene and the defendant had been placed in the ambulance. The evidence does not show that the defendant had taken any kind of intoxicant before the accident. It is true that some of the officers claimed they smelled alcohol at the scene of the accident, but as to who had it there and when it was put there does not appear. It does not appear from the evidence that any alcohol was found on the person

or in the possession of the defendant. It is true that the witnesses testified they smelled alcohol at the hospital, as well as other odors. It does appear that, when the officers carried the defendant to the home of the doctor who dressed his wounds, the doctor told one of the officers that the defendant was drunk and should be put in jail. It does not appear that this statement of the doctor was made in the presence of the defendant. Such evidence is therefore hearsay and has no probative value. The defendant's car was struck by a train and knocked approximately 25 feet. He received injuries to his head, which were treated and bandaged by a doctor at the hospital. It seems impossible that anyone could have had such an experience and not have been shocked and stunned. The evidence does not exclude every other reasonable hypothesis save that of the guilt of the accused; and as to the general grounds does not sustain the verdict.

There is only one special ground, which is to the effect that the attorney for the defendant was deprived of making his concluding argument. We think this ground is without merit. At any rate, it will not likely occur again.

*Judgment reversed.  Townsend and Carlisle, JJ., concur.*