36573. GUNDER *v.* THE STATE.

DECIDED FEBRUARY 19, 1957.

*Guy B. Scott, Jr.,* for plaintiff in error.
*D. M. Pollock, Solicitor-General,* contra.

TOWNSEND, J. The evidence was without dispute that two police officers of the City of Athens received a report after midnight of September 10, 1956, that there had been an automobile collision at a certain street intersection in the city about five blocks from where they were at the time they received the report; that it took them approximately 2 minutes to reach the scene of the collision; that the only person there at the time of their arrival was the defendant who was seated under the steering wheel of a car which had collided with the rear end of another automobile; that the defendant was under the influence of intoxicating liquor and admitted to the officers that he had driven the automobile in which he was seated into the rear of the other car. There was no evidence as to how much time had elapsed between the time of the collision and the time the officers received a report concerning it. The defendant was not seen while engaged in the operation of the vehicle in which he was seated. The sole question involved is whether or not there is sufficient evidence, circumstantial or direct, to establish proof of the corpus delicti aliunde the criminal admission of the defendant. Even if the admission of the defendant that he was driving the car could be construed as a confession, which it can not, lacking the essential element of an admission on his part that he was under the influence of liquor at the time he was operating it, a conviction could not be had unless the corpus delicti was established aliunde the confession. *Sims* v. *State*, 14 *Ga. App.* 28 (79 S. E. 1133) ; *Douglas* v. *State*, 6 *Ga. App.* 157 (64 S. E. 490). The corpus delicti here is not the operation of an automobile, which the circumstances were sufficient to show had taken place, by the position of the cars on the street, but it is the operation of the automobile by a person while he was under the influence of intoxicating liquor. The circumstances of this case, which completely fail to show the lapse of time between the defendant's observed intoxication and his operation of the motor vehicle, are not sufficient to show the defendant's guilt to the exclusion of every other reasonable hypothesis, and accordingly, the evidence being insufficient to show the corpus delicti aliunde the statement of the defendant, the verdict of guilty is not supported by the evidence.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*