### 36712. HITCHCOCK v. THE STATE.

CARLISLE, J. ■ Where, on the trial of one charged with operating an automobile on a public highway of this State under the influence of intoxicants, it appears from the evidence that the defendant admitted operating the automobile at the time and place in question, and the defendant remained silent when, some 45 minutes after the wrecking of the car and he had been taken to a hospital, an intern and nurse stated to a State trooper in the defendant's presence, so that he could hear the statement, that he was uninjured and was only drunk, and the trooper stated that since he smelled a strong alcoholic odor on his breath and his speech was thick, it was his opinion that he was under the influence of intoxicants and it would be less safe for him to operate a motor vehicle than if not so affected, the jury was not authorized to find the defendant guilty as charged, for even taking the defendant's statement that he was driving the car at the time of the wreck along with his remaining silent when accused of being drunk some 45 minutes or more after the wreck as an admission, the State failed to establish the corpus delicti (driving a motor vehicle under the influence of intoxicants) aliunde the defendant's admission, which was incumbent upon it. *Davenport v. State,* 81 *Ga. App.* 787 (60 S. E. 2d 190); *Chester v. State,* 81 *Ga. App.* 788 (60 S. E. 2d 191); *Waters v. State,* 90 *Ga. App.* 329 (83 S. E. 2d 25); *Ray v. State,* 91 *Ga. App.* 16 (84 S. E. 2d 591); *Gunder v. State,* 95 *Ga. App.* 176 (97 S. E. 2d 381).

■ As the case must be remanded for another trial, the remaining special grounds of the motion for new trial being of such nature as not likely to recur on another trial, are not here considered. *Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 7, 1957.

*C. O. Baker,* for plaintiff in error.
*Preston M. Almand, Solicitor,* contra.

Based on an affidavit made by Marland Ferguson on July 15, 1956, the defendant, Curtis Hitchcock, was charged in an accusation returned to the November term, 1956, of the City Court of Athens, with the unlawful operation of an automobile while under

the influence of intoxicating liquors and drugs to such an extent that it was less safe for him to operate the car than it would have been if he were not so affected. His motion for new trial, based on the usual general grounds and two special grounds, was denied, and he excepted.

On the trial, Ferguson, a State Highway Patrolman, testified that at 8:06 p. m. on July 15, 1956, he and his fellow trooper received a call to come to the scene of an accident on Georgia Highway No. 72. When they arrived at 8:20 p. m., they found that an ambulance had carried the driver to the Athens General Hospital, and they observed that the automobile had apparently hit a slick place on the highway and skidded into a telephone pole. When they arrived at the hospital some 45 minutes later, they found the defendant Hitchcock lying on one of the operating tables. They inquired of an intern and nurse if they might see the defendant, and were told by them that they could as the defendant was uninjured and only drunk. This declaration, made in the presence of the defendant, was not denied by him. Ferguson then asked the defendant what had happened and the defendant replied that he hit a slick place on the road which caused the car to go out of control. Ferguson testified that he smelled a strong odor of alcohol on the defendant's breath before any treatment had been administered to the defendant, and he stated that, in his opinion, since the defendant did not talk as plainly as he should, it would be unsafe for the defendant to operate an automobile in his condition.