36932. WILLIAMS *v.* THE STATE.

Townsend, Judge. 1. The defendant was tried and convicted in the Superior Court of Sumter County for the offense of involuntary manslaughter while in the commission of an unlawful act. To the judgment of the trial court denying the motion for new trial as amended he brings error.

(*a*) "The essential elements of the offense of involuntary manslaughter in the commission of an unlawful act are, first, the intentional commission of an unlawful act, and, second, the killing of a human being without having so intended, but as the proximate result of such intended act." *Wells* v. *State*, 44 *Ga. App.* 760 (1) (162 S. E. 835). Accordingly, where one is charged with involuntary manslaughter in the commission of an unlawful act, the unlawful act named in the indictment must be proved in the manner alleged, since it is one of the essential elements of the offense charged.

(*b*) "Since . . . a public highway is one of the places where the offense [of driving while intoxicated] may be committed, if the indictment or accusation alleges that the offense was committed on a stated 'public highway,' the proof should show that it was a *public* highway, and in the absence of such proof the evidence would be insufficient to support the verdict." *Jordan* v. *State*, 212 *Ga.* 337, 339 (92 S. E. 2d 528).

(*c*)` The accused is charged with involuntary manslaughter in that he wrecked his automobile and killed two passengers therein as follows: "Accused did drive and operate an auto-

mobile along and upon that certain public road in said county known as the Upper River Road and did violate the law in the following respects: (a) Accused did drive and operate said automobile along and upon the Upper River Road after more than one-half hour after sunset and before one-half hour before sunrise at a greater rate of speed than 50 miles per hour. (b) Accused did drive and operate said automobile along and upon the Upper River Road while he the accused was under the influence of intoxicating liquor." Accordingly, applying the rules above stated, it was necessary for the State, in order to prove that part of the indictment which alleges the unlawful acts of driving in violation of law, to show that the Upper River Road was in fact a public highway. There is no evidence to this effect. While this court will take judicial notice that those highways shown upon the maps approved and filed by the State Highway Board in the office of the Secretary of State as the authoritative record of State-aid roads are in fact public highways (*Jordan* v. *State*, 212 *Ga.* 337, supra), the road upon which the act was committed appears in the evidence only as "Upper River Road" or "New Era Road," without further designation, and no such road is shown by the maps of the State Highway Department on file with the office of the Secretary of State. The evidence is accordingly insufficient to support the allegation of the indictment that Upper River Road is a public road of this State, and ground 1 of the motion for new trial should have been sustained. See also *Dockery* v. *State*, 95 *Ga. App.* 486 (98 S. E. 2d 123).

2. (a) Special grounds 2 and 3 complain of the charge of the court relating to the offense of driving while under the influence of intoxicating liquor, on the ground that there was no evidence in the record which would support a jury finding that the defendant was guilty of this unlawful act. According to the evidence, the first witness to arrive at the scene, a State Trooper, got there some 40 minutes after the automobile overturned and found the defendant coming out of a house where he had gone after the wreck and which belonged to the only other passenger in the automobile who had not been killed. At that time, and some minutes later when he was taken to the hospital, there was an odor of liquor or beer on his breath, but no witness testified to the degree of his intoxication, even at that time, and no evidence except opinions

was forthcoming which would make it more likely that he had drunk the liquor or beer at the time he was driving the automobile than at a subsequent time, after the wreck, while he was in the house. The evidence is accordingly insufficient to form the basis of a conviction on the theory that the defendant committed the act of manslaughter while in the course of the unlawful act of driving while under the influence of liquor. *Waters* v. *State,* 90 *Ga. App.* 329 (83 S. E. 2d 25); *Ray* v. *State,* 91 *Ga. App.* 16 (84 S. E. 2d 591); *Gunder* v. *State,* 95 *Ga. App.* 176 (97 S. E. 2d 381). The charge of the court was not authorized by the evidence.

(*b*) Since the evidence and the defendant's statement does not demand a finding on the part of the jury that the defendant was guilty of driving the automobile at an excessive rate of speed, but it would have been authorized to find this issue in favor of the defendant, it cannot be said by this court that the jury did not do so and then find the unlawful act to be that of operating an automobile while under the influence of intoxicating liquor. Accordingly, the charge of the court on this subject was harmful error requiring reversal.

(*c*) Applying what is said herein to the general grounds of the motion for a new trial, together with the rule of law that the corpus delicti must be proved aliunde the admission or confession of the defendant (*Gunder* v. *State,* 95 *Ga. App.* 176, supra; *Sims* v. *State,* 14 *Ga. App.* 28, 79 S. E. 1133), it appears that the admission of the defendant that he was driving the wrecked automobile together with evidence as to skid marks, the condition of the wrecked car and the evidence as to the opinions of experienced officers based thereon tending to show aliunde that the automobile was speeding at the time, is sufficient to establish that the driver was guilty of the unlawful act of speeding which resulted in the death of the victim. As to the offense of driving while under the influence of intoxicants, however, there is no evidence to show that the automobile was driven by a person under the influence and accordingly the corpus delicti of this offense is not shown. Even where there is a full confession by the person charged that he was driving while in an intoxicated condition, there would, to substantiate such confession, have to be further evidence that the crime of driving while under the influence of intoxicants was committed, to prove which it would be necessary to establish aliunde the confession either (a) that the person driving,

whether identified or not, was intoxicated at the time, or (b) that the defendant (even though his intoxicated condition can be clearly shown) was in fact the driver. The evidence here is not sufficient to establish either of these facts. Since the essential elements of the offense of involuntary manslaughter in the commission of an unlawful act include both proof of the killing and proof of the unlawful act in the course of which the homicide occurred, it is obvious that, as to the general grounds, the offense is not proved where the corpus delicti of the unlawful act charged has not been shown, and it was therefore error to deny the motion for a new trial on the general grounds.

3. No harmful error is shown by special ground 4, which contends that the jury might have acquitted the defendant on one count of the indictment and convicted him on the other (the counts being identical except as to the name of the person killed), and that the court erred in failing to so charge. The evidence as a whole is conclusive that the deaths of the passengers named in the two counts of the indictment arose from the same cause.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 15, 1958.

*R. L. LeSueur, R. L. LeSueur, Jr.,* for plaintiff in error.
*Charles Burgamy, Solicitor-General,* contra.

