### 37960. PARROTT *v.* THE STATE.

CARLISLE, Judge. 1. The evidence as to the guilt of the defendant in this case was wholly circumstantial. Accordingly, it was error, as complained of in the special ground of the motion for new trial, for the trial court to fail to charge the principle embodied in Code § 38-109 as to what amount of evidence is required to authorize conviction on circumstantial evidence. *Culver* v. *State*, 80 *Ga. App.* 438 (56 S. E. 2d 197).

2. The arresting officer in this case testified that he rounded a curve in the highway and saw an automobile, or the lights thereof; that he could not tell whether the car was moving or not, but that he didn't think it was; that it was on the left side of the road and had gone over a slight embankment and was facing him; that when he reached the automobile he saw that it was in a ditch but was not moving, and when he stopped his car and got out he found the defendant under

the wheel, heavily under the influence of intoxicants, attempting to drive the automobile out of the ditch. He positively testified that he did not see the defendant driving. A witness for the defendant testified that he, the witness, had driven the car in the ditch himself and had left it with the defendant in it and gone for help to get it out. There was no direct evidence that the defendant was seen driving the car. The evidence, being wholly circumstantial, was not sufficient to exclude every other reasonable hypothesis save the guilt of the accused (Code § 38-109), and the verdict of guilty was, therefore, not authorized by the evidence. The trial judge erred in overruling the general grounds of the motion for new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 10, 1959.

*Fullbright & Duffey, Harl C. Duffey, Jr.,* for plaintiff in error.
*Chastine Parker, Solicitor-General,* contra.