39121.   ECHOLS v. THE STATE.

DECIDED OCTOBER 24, 1961.

696

696

James C. Weldon, E. W. Fleming, for plaintiff in error.

Wilson P. Darden, Solicitor, contra.

FRANKUM, Judge. 1. Counsel for the defendant contends that there was no evidence to show that Quilla Echols was operating the automobile at the time the State Troopers made the investigation. With this contention we do not agree. The testimony of the only witness shows that when the troopers arrived at the scene of the alleged crime, the defendant was sitting under the steering wheel of the automobile and attempting to get the car in gear; that the motor of the automobile was running; and that the automobile rolled backwards when the witness started to get out of the patrol car.

In the case of Austin v. State, 47 Ga. App. 191 (2) (170 SE 86), it was held: "It would make no difference to one charged with operating an automobile over a public highway of this State while under the influence of intoxicating liquor that he had just gotten under the wheel of the car and had gone only a few yards when he was stopped by the officers and arrested. Such act would come within the meaning of the word 'operation' as used in the statute prohibiting the above offense."

Code Ann. § 68-1503 (2c) (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 560), defines "driver" as, "Every person who drives or is in actual physical control of a vehicle." See Harris v. State, 97 Ga. App. 495 (103 SE2d 443).

Code Ann. § 68-1625 (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 575), provides in part: "(a) It is unlawful and punishable as provided in section 68-9927 for any person who is under the influence of intoxicating liquor to operate or drive any vehicle."

The evidence supports the verdict, and the court did not err in overruling the general grounds of the motion for a new trial.

2. In the only special ground of the motion for a new trial complaint is made that the court erred in not rejecting, upon motion of counsel for the defendant, the answer of the State's witness to the following question propounded by counsel for the defendant: "Q. All right, sir, you got out there and what did you see? A. We found that this 1950 Chevrolet operated by Mr. Echols—." Counsel moved to have the answer excluded on the ground that it was not responsive to the question and was a conclusion of the witness.

It is noted by the court that the answer is incomplete; however, the portion that is recorded in the record shows the answer to be responsive to the question. It is clear that the answer was in reference to facts observed by the witness when he arrived at the scene.

In his testimony prior to being asked this question, the witness testified to facts to show that the defendant was operating the vehicle. Therefore, the answer was not subject to the objection that it was a conclusion. This ground of the motion for a new trial is without merit, and the court did not err in overruling it. See *Van Gundy v. Wilson,* 84 Ga. App. 429 (6) (66 SE2d 93); *Essig v. Cheves,* 75 Ga. App. 870 (4) (44 SE2d 712).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*