## 39294. HORNE v. THE STATE

DECIDED JANUARY 16, 1962.

*Guy B. Scott, Jr.,* for plaintiff in error.
*Preston M. Almand, Solicitor,* contra.

JORDAN, Judge. The undisputed evidence in this case disclosed that the defendant, who was driving an automobile in a westerly direction in the outside lane of Prince Avenue, a four-lane street in the City of Athens, suddenly turned the vehicle into the inside lane in front of the automobile being operated by the State's witness, Duard Nunnally, striking the right front bumper of Nunnally's automobile. The defendant without stopping at the scene of the collision turned right at the next intersection and proceeded out of sight of the witness Nunnally. Approximately 5 to 10 minutes later Nunnally again observed the automobile which had collided with his vehicle. The defendant was sitting in the front seat of said automobile but was not under the wheel. Upon confrontation, however, the defendant admitted that he had been driving at the time of the collision, and pleaded with Nunnally not to call the law. Nunnally testified that at the time he confronted the defendant, which was approximately 5 to 10 minutes after he had seen the defendant driving the automobile, the defendant was in a state of intoxication which rendered him unsafe to operate a motor vehicle. This testimony as to intoxication was supported by that of two other witnesses, including the investigating officer.

While it is strongly contended by counsel for the defendant that the State failed to establish the corpus delicti in this case, it is our opinion that under the facts and circumstances set out above, the defendant's operation of the vehicle in the manner described, and his observed intoxication shortly thereafter, were sufficient to authorize his conviction for the offense of driving under the influence of intoxicating liquor.

The cases of *Gunder v. State,* 95 Ga. App. 176 (97 SE2d 381), and *Waters v. State,* 90 Ga. App. 329 (83 SE2d 25), relied upon by the defendant, are easily distinguished from the instant case. In the *Gunder* case, supra, there was no evidence to show the lapse of time between the defendant's observed intoxication and his operation of the motor vehicle; and in the *Waters* case, supra, the defendant, after striking a parked car with his automobile, parked his own vehicle and left the scene for some 15 to 20 minutes, and while he was under the influence of liquor when he returned to his automobile, he did not appear to be intoxicated at the time he left.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*