39577. FLOURNOY v. THE STATE.

Decided October 15, 1962.

*Guy B. Scott, Jr.,* for plaintiff in error.
*Preston M. Almand, Solicitor,* contra.

FRANKUM, Judge. The Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov. Sess., pp. 556, 575, Art. V, § 47), provides in part: "It is unlawful and punishable as provided in Subdivision (d) of this section for any person who is under the influence of intoxicating liquor to operate or drive any vehicle."

The offense condemned in this statute may be committed in more than one way—First, by a person operating a vehicle while under the influence of intoxicating liquor, and second, by a person driving a vehicle while under the influence of intoxicating liquor. Proof of either one of these prohibited acts will support a conviction. "Where a single penal statute may be violated in one of several ways not repugnant to one another, the accused may, in an indictment containing a single count, be charged with violating the statute in each and all of the several ways prohibited in the statute; and in such cases proof of the commission of any one of the acts by which the statute is violated will support a conviction." *Barbour v. State*, 21 Ga. App. 243 (94 SE 272), and cases therein cited. See *Gower v. State*, 71 Ga. App. 127 (30 SE2d 298); *Cody v. State*, 118 Ga. 784 (45 SE 622); *Brazil v. State*, 117 Ga. 32 (43 SE 460); *Lepinsky v. State*, 7 Ga. App. 285 (66 SE 965).

The defendant contends that since the evidence shows that his automobile was not moving at the time the officers apprehended him, he was not operating or driving his vehicle within the meaning of the above quoted provision of the Uniform Act Regulating Traffic on Highways.

Thus, we must determine whether this statute can be violated without proof that a motor vehicle was moving while in the actual physical control of an intoxicated person. We have found no Georgia cases as a precedent directly upon this point. The closest cases in point we have found are ones in which the evidence showed some motion of the vehicle, although for a very short distance. *Austin v. State*, 47 Ga. App. 191 (2) (170 SE 86); *Echols v. State*, 104 Ga. App. 695 (122 SE2d 473). *Code Ann.* § 68-1503 (2) (c) defines driver as: "Every person who drives or is in actual physical control of a vehicle." *Code Ann.* § 68-101 defines the operator of a motor vehicle as:

"Any person who drives or operates a motor vehicle or tractor." The Uniform Act Regulating Traffic on Highways makes it a penal offense for any person to either operate or drive a motor vehicle while under the influence of intoxicating liquor. While the word "drive", as used in statutes of this kind, usually denotes movement of the vehicle in some direction (see Webster's Unabridged Dictionary), the word "operate" has a broader meaning so as to include not only the motion of the vehicle but also acts which engage the machinery of the vehicle that, alone or in sequence, will set in motion the motive power of the vehicle. Houston v. District of Columbia, 149 A2d 790; Bradam v. State, 191 Tenn. 626 (235 SW2d 801). See general annotations, 42 ALR 1498; 49 ALR 1389; 68 ALR 1356; 142 ALR 555; 29 Words & Phrases, 537 (Operate), p. 545.

In Commonwealth v. Uski, 263 Mass. 22 (160 NE 305), the court stated: "A person operates a motor vehicle . . . when . . . he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle . . . [it is] the setting in motion of the operative machinery of the vehicle as well as the driving of the vehicle under the power of the motor machinery." The rulings in the cases of Bomes v. Crowley, 78 R.I. 453 (82 A2d 867) (civil case), and State v. Tacey, 102 Vt. 439 (150 A 68, 68 ALR 1353) (criminal case), are in accord with this definition of an operator of a motor vehicle.

The court in the case of State v. Webb, 202 Iowa 633 (210 NW 751, 49 ALR 1389), upheld a conviction of a defendant who had just started the engine of a motor vehicle but had not put it in gear or motion. The court held that the defendant was "operating" a motor vehicle within the meaning of a statute making it unlawful for a person while intoxicated to operate a motor vehicle. The court remarked: "The real danger that this statute seeks to protect against is from the possible results from a drunken condition of a driver." The court also stated that the evidence showed that the defendant got into the automobile with the intention of going somewhere, and he took the initial steps for carrying out such purpose. These acts were held sufficient to show a violation of the statute. Other cases of similar

import are People v. Domagala, 123 Misc. Rep. 757 (206 NYS 288); State v. Fox, 248 Iowa 1394 (85 NW2d 608); Houston v. District of Columbia, 149 A2d 790, supra; Bradam v. State, 191 Tenn. 626, supra. Cf. State v. Sullivan, 146 Me. 381 (82 A2d 629).

We are of the opinion that one who is sitting under the steering wheel of a car located on a public highway with the motor running, who is in physical control of the vehicle, and who engages the lights of the vehicle, is operating the vehicle within the meaning of the Uniform Act Regulating Traffic on Highways.

We are of the opinion that regardless of whether or not the jury would have been authorized to find from the evidence, beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis, that the defendant, while under the influence of intoxicating liquor, had driven the automobile to the place where he was found by the officers, the evidence was sufficient to show that he did operate the automobile while he was under the influence of intoxicating liquor.

*Judgment affirmed. Nichols P. J., and Jordan, J., concur.*