40547. PALMER v. THE STATE.

DECIDED FEBRUARY 11, 1964.

*Charlton E. Clark*, for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor, Robert E. Barker*, contra.

HALL, Judge. The evidence was without dispute that a police officer of the City of Savannah heard a sound like metal scraping against metal; that he got to the location of the defendant's automobile a few seconds later; that upon his arrival the car was at rest against a building, demolished, and the defendant was getting out of the right front seat; that the left front door of the car was against the building which the car had struck and the defendant could not have gotten out through that door; that there was nobody else in the car; that the defendant admitted he had been driving but the officer did not see him drive the car; that at the time the officer arrested him and charged him with driving under the influence, the defendant appeared to be very much under the influence to such an extent that in the officer's opinion it was less safe for him to drive a car than it would have been had he not been so affected; that the officer had never seen the defendant drive a car drunk or sober; and that the defendant did not admit to the officer that he had been driving the car while under the influence of liquor.

The defendant concedes that the evidence supports a finding that he was operating the vehicle and that he was under the influence of liquor when arrested but argues that there is no

evidence that he was intoxicated or operating the vehicle at the time the car was wrecked. In a few cases this court has reversed convictions because no witness saw the defendant operating the vehicle and the evidence was held insufficient to show that the defendant was intoxicated and operating the vehicle at the same time. In *Ray v. State,* 91 Ga. App. 16 (84 SE2d 591), it did not appear how long it was after the collision before anyone arrived on the scene and observed the defendant under the influence of alcohol. In *Gunder v. State,* 95 Ga. App. 176 (97 SE2d 381), there was "no evidence as to how much time had elapsed between the time of the collision and the time the officers received a report concerning it." In *Hitchcock v. State,* 96 Ga. App. 18 (99 SE2d 175), about an hour elapsed between the collision and the time the officers observed the defendant in the hospital. In the present case, however, the evidence was that the officer arrived at the scene within a few seconds of the accident, and was sufficient to support a finding that the defendant was operating the vehicle while under the influence of intoxicating liquor at the time of the accident. *Hinson v. State,* 88 Ga. App. 318 (77 SE2d 63); *Flournoy v. State,* 106 Ga. App. 756 (128 SE2d 528); *Echols v. State,* 104 Ga. App. 695 (122 SE2d 473); *Horne v. State,* 105 Ga. App. 214 (124 SE2d 319).

The trial court did not err in overruling defendant's motion for new trial.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*