## 46459. WILCHER v. THE STATE.

BELL, Chief Judge. The defendant was convicted of operating an automobile while under the influence of intoxicating liquors.

The evidence reveals that a deputy sheriff found an automobile in a ditch wrecked. He left and proceeded to the defendant's home. Shortly thereafter the defendant arrived at his home, staggering and in the deputy's opinion very much under the influence of liquor. After being advised of his rights, the defendant in response to questions asked by the deputy stated that he had wrecked the automobile that the deputy had found earlier and had been driving while under the influence of liquor. These statements amount to a confession, as all the elements of the crime charged were admitted. *Bloodworth v. State,* 216 Ga. 572 (118 SE2d 374). However, "A confession alone, uncorroborated by any other evidence, shall not justify a conviction." *Code* § 38-420. Here the evidence is insufficient to corroborate the confession. There is no other evidence that any one was operating the car while intoxicated. The only evidence offered by the State independent of the confession was the fact of discovery of an automobile in a ditch wrecked, and the opinion evidence as to the defendant's sobriety when he was observed some time afterwards near his home and away from the location of the car. This evidence is insufficient to corroborate the confession or furnish the corpus delicti of the crime. In *Davevport v. State,* 81 Ga. App. 787 (60 SE2d 190), we reversed the conviction under similar facts for the failure of the State to corroborate a confession.

*Judgment reversed. Pannell and Deen, JJ., concur.*

SUBMITTED SEPTEMBER 7, 1971—DECIDED OCTOBER 5, 1971.

*Casey Thigpen,* for appellant.
*Thomas A. Hutcheson, Solicitor,* for appellee.