### 46581.   BROWN v. DOE.

HALL, Presiding Judge. Plaintiff in a John Doe action for damages under his uninsured motorists clause appeals from the grant of summary judgment for his insurance company.

During the course of a large party, a truck which had been parked in the driveway between other cars was in some unknown way and by a person or persons unknown, moved out into the street, turned, and left parked and unlighted in a traffic lane. Plaintiff had just dimmed his

lights because of an oncoming vehicle and was unable to see the truck soon enough to avoid hitting it.

The court granted summary judgment on the basis that *Code Ann.* § 56-407.1 authorizes suit only against an unknown "operator" and here there was no operator since the vehicle was parked.

We believe this an overly technical construction of the statute. Driving under the influence of liquor, a criminal statute which should be more strictly construed than one for the benefit of an insured, has several times been applied to hold the defendant was "driving" or "operating" or "in control" when the automobile was not even in motion. See *Arnall v. State,* 120 Ga. App. 309 (170 SE2d 337); *Flournoy v. State,* 106 Ga. App. 756 (128 SE2d 528); *Echols v. State,* 104 Ga. App. 695 (122 SE2d 473).

Surely it is the result of the negligent operation of a vehicle, i.e. the damage or injury, with which we are concerned in this type of case, not the act of operation itself. That there was some time lag between the negligent operation and the collision should not preclude recovery. If the unknown person had been sitting in the truck at the time, we would not hesitate to say he was operating it in a negligent manner. See *Code Ann.* §§ 68-1668, 68-1670 (15). His abandonment did not mitigate, but rather aggravated the negligence. Finally, it makes no difference whether the "operation" took the form of driving, pushing or some other type of manipulation. The vehicle was moved and as a result caused a collision.

Since there is a genuine issue of fact as to whether an unknown person moved the vehicle, and, if so, how, the trial court accordingly erred in granting summary judgment to the insurer.

*Judgment reversed. Eberhardt and Evans, JJ., concur. Whitman, J., not participating because of illness.*

ARGUED SEPTEMBER 20, 1971—DECIDED NOVEMBER 17, 1971.

*Ray Gary, Robert E. Bach, Mary Brock,* for appellant.

*Ingram, Flournoy & Downey, Conley Ingram, R. Kelly Raulerson,* for appellee.